■ ADAM PARKER, Respondent, v CITY OF NEW YORK et al., Defendants, and JAMES V. DODDS, Appellant. [707 NYS2d 199] —In an action to recover damages for personal injuries, the defendant James V. Dodds appeals from an order of the Supreme Court, Kings County (Bruno, J.), dated August 14, 1998, which granted the plaintiff's motion to vacate his default in appearing for oral argument on the motion of the defendant James V. Dodds for summary judgment, and denied that motion.

Ordered that the order is affirmed, with costs.

It is well settled that a plaintiff seeking to vacate a default must demonstrate both a reasonable excuse for the default and the existence of a meritorious claim (*see,* CPLR 5015 [a] [1];

*Piacentini v Mineola Union Free School Dist.,* 267 AD2d 290; *Kolajo v City of New York,* 248 AD2d 512). The determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the trial court (*see, Bardales v Blades,* 191 AD2d 667), and in exercising that discretion the trial court may accept law-office failure as an excuse (*see,* CPLR 2005). Here, the Supreme Court providently exercised its discretion in accepting the plaintiff's explanation of law office failure for his failure to appear in court for argument on the summary judgment motion (*see, Rock v Schwartz,* 244 AD2d 542; *Robinson v New York City Tr. Auth.,* 203 AD2d 351). Further, the Supreme Court correctly concluded that the plaintiff presented a meritorious claim by submitting evidence that his injuries may have occurred as the result of the acts of the appellant James V. Dodds (*see, Piacentini v Mineola Union Free School Dist., supra; see generally, Ferrar v Harris,* 55 NY2d 285). Therefore, the Supreme Court properly vacated the plaintiff's default.

Contrary to the appellant's contention, the Supreme Court also correctly denied his motion for summary judgment. The plaintiff established the existence of triable issues of fact with regard to the alleged negligence of the appellant in continuing to drive his vehicle for approximately 200 feet after the plaintiff had become pinned under it (*see, Rivera v New York City Tr. Auth.,* 77 NY2d 322; *Lopez v City of New York,* 4 AD2d 48; *see generally, Zuckerman v City of New York,* 49 NY2d 557). Bracken, J. P., Ritter, Krausman and Smith, JJ., concur.