■ In the Matter of FRANK GAMBARDELLA et al., Respondents, v ORTOV LIGHTING, INC., Appellant. [717 NYS2d 923] —In a proceeding to discharge a mechanic's lien, Ortov Lighting, Inc., appeals from an order of the Supreme Court, Richmond County (Lebowitz, J.), entered February 10, 2000, which denied its motion, in effect, to vacate a prior order of the same court entered April 20, 1999, granting the petition upon its failure to appear or submit written opposition to the petitioner's motion pursuant to Lien Law § 39-a.

Ordered that the order is affirmed, without costs or disbursements.

A party seeking to vacate a default must demonstrate both a

reasonable excuse for the default and the existence of a meritorious claim or defense (*see, Parker v City of New York,* 272 AD2d 310; *Lovario v Vuotto,* 266 AD2d 191; *Wynne v Wagner,* 262 AD2d 556). The determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the trial court (*see, Parker v City of New York, supra*). We agree with the Supreme Court that the appellant did not demonstrate a reasonable excuse for the default or a meritorious defense to the proceeding. Thus, the Supreme Court properly denied the appellant's motion. Bracken, J. P., Santucci, Altman and Florio, JJ., concur.