■ TITAN REALTY CORPORATION et al., Respondents, v STU-ART P. SCHLEM, Appellant. [724 NYS2d 908] —In an action to recover damages for legal malpractice, the defendant appeals from (1) an order of the Supreme Court, Nassau County (DiNoto, J.), entered February 28, 2000, which denied his motion pursuant to CPLR 5015 (a) (1) to vacate a judgment of the same court, entered September 3, 1999, upon his default in appearing, and (2) so much of an order of the same court, dated April 26, 2000, as denied that branch of his motion which was for leave to renew his prior motion.

Ordered that the order dated February 28, 2000, is affirmed; and it is further,

Ordered that the order dated April 26, 2000, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

A party seeking to vacate a default judgment must demonstrate both a reasonable excuse for the default and the existence of a meritorious claim or defense (*see,* CPLR 5015 [a] [1]; *Matter of Gambardella v Ortov Light.,* 278 AD2d 494; *Parker v City of New York,* 272 AD2d 310; *Piacentini v Mineola Union Free School Dist.,* 267 AD2d 290). What constitutes a reasonable excuse for a default lies within the sound discretion of the trial court (*see, Matter of Gambardella v Ortov Light., supra; Parker v City of New York, supra; Roussodimou v Zafiriadis,* 238 AD2d 568).

The Supreme Court properly exercised its discretion in rejecting the defendant's explanation of law office failure as a reasonable excuse due to his "pattern of willful default and neglect" (*Roussodimou v Zafiriadis, supra,* at 569). To the extent that the defendant failed to present any arguments with respect to the denial of his motion for leave to renew, we find no reason to disturb the order of the Supreme Court.

In light of our determination, the defendant's remaining contentions are academic. Santucci, J. P., Florio, Schmidt and Adams, JJ., concur.