■ DOROTHY MELO, Respondent, v ANTHONY PAGANO, Appellant. [726 NYS2d 862] —In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Queens County (Thomas, J.), dated March 17, 2000, which, in effect, upon granting the plaintiff's cross motion, *inter alia*, to vacate her default in opposing his prior motion to preclude her from offering evidence at trial, denied his motion for summary judgment dismissing the complaint based on the plaintiff's failure to comply with a conditional order of preclusion of the same court dated February 16, 1999, and vacated the conditional order of preclusion.

Ordered that the order is affirmed, without costs or disbursements.

By order dated February 16, 1999, the Supreme Court, Queens County, issued an order precluding the plaintiff from offering evidence at trial unless she responded to the defendant's discovery demands within a certain time. Upon the plaintiff's failure to comply with the conditional order of preclusion, the defendant moved for summary judgment dismissing the complaint. In response, the plaintiff cross-moved, *inter alia*, to vacate her default in opposing the motion to preclude. The Supreme Court denied the motion for summary judgment and, in effect, granted the plaintiff's cross motion. We affirm.

The Supreme Court properly granted the plaintiff's cross motion, *inter alia*, to vacate her default in opposing the defendant's motion to preclude, as she demonstrated a reasonable excuse for her default and a meritorious cause of action (*see, Burns v Casale,* 276 AD2d 734; *Parker v City of New York,* 272 AD2d 310). Further, as the Supreme Court, in effect, vacated the plaintiff's default and denied the defendant's motion to preclude, the plaintiff was no longer required to comply with the conditional order of preclusion, or explain why she had not done so. Thus, the defendant was not entitled to summary judgment based on the plaintiff's failure to comply. O'Brien, J. P., Friedmann and Cozier, JJ., concur.

Feuerstein, J., dissents and votes to reverse the order, deny the cross motion, *inter alia*, to vacate the default, reinstate the conditional order of preclusion dated February 16, 1999, and grant the motion for summary judgment dismissing the complaint, with the following memorandum: I must respectfully dissent from my colleagues' conclusion that the plaintiff established a reasonable excuse for her default in opposing the defendant's motion to preclude. Although the determination of what constitutes a reasonable excuse lies within the sound discretion of the trial court (*see, Matter of Gambardella v Otov*

*Light.,* 278 AD2d 494; *Parker v City of New York,* 272 AD2d 310; *De Vito v Marine Midland Bank,* 100 AD2d 530), the movant must submit supporting facts in evidentiary form sufficient to justify the default (*see, Bravo v New York City Hous. Auth.,* 253 AD2d 510; *Peterson v Scandurra Trucking Co.,* 226 AD2d 691; *American Sigol Corp. v Zicherman,* 166 AD2d 628). Further, where the record demonstrates a pattern of default or neglect, the default should be considered intentional and, therefore, not excusable (*see, Eretz Funding v Shalosh Assocs.,* 266 AD2d 184; *Roussodimou v Zafiriadis,* 238 AD2d 568).

Here, the claim of the plaintiff's attorney that there was some confusion regarding the return date of the preclusion motion, and whether the case was "marked off," is insufficient to establish a reasonable excuse. Further, the record demonstrates that the plaintiff did not move to vacate her default until the defendant moved for summary judgment dismissing the complaint. Under these circumstances, it was an improvident exercise of discretion for the Supreme Court to accept the plaintiff's proffered excuse as reasonable. Accordingly, I would reverse the order, deny the cross motion, *inter alia,* to vacate the default, reinstate the conditional order of preclusion dated February 16, 1999, and grant the motion for summary judgment dismissing the complaint.