■ QUAKER OATS COMPANY, Appellant, v JAMES S. REILLY, JR., et al., Defendants, and EFFIE REILLY, Respondent. [751 NYS2d 388] —In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Berler, J.), dated June 22, 2001, which granted the motion of the defendant Effie Reilly for restitution in the principal sum of $125,000.

Ordered that order is affirmed, with costs.

In light of our determination in *Quaker Oats Co. v Reilly* (274 AD2d 565), the Supreme Court properly directed that the plaintiff pay restitution to the defendant Effie Reilly in the principal sum of $125,000.

The plaintiff's remaining contentions are without merit. O'Brien, J.P., Krausman, Townes and Cozier, JJ., concur.

■ MICHAEL R. QUIS et al., Appellants, v FRANK G. BOLDEN, Respondent. [751 NYS2d 388] —In an action, inter alia, for a judgment declaring the rights of the parties to certain real property, the plaintiffs appeal from an order of the Supreme Court, Putnam County (Hickman, J.), dated December 13, 2001, which granted the defendant's motion to vacate his default in appearing and answering.

Ordered that the order is affirmed, with costs.

A defendant seeking to vacate a default must demonstrate both a reasonable excuse for the default and the existence of a meritorious claim or defense (*see* CPLR 5015 [a] [1]; *Titan Realty Corp. v Schlem,* 283 AD2d 568; *Matter of Gambardella v Ortov Light.,* 278 AD2d 494, 495; *Schiller v Sun Rock Bldg. Corp.,* 260 AD2d 566; *cf. Parker v City of New York,* 272 AD2d 310). A defendant is not required to establish its defense as a matter of law; it need only set forth sufficient facts to make out a prima facie showing of a meritorious defense (*see Energy Sav. Prods. v Milici,* 168 AD2d 415; *Tat Sang Kwong v Budge-Wood Laundry Serv.,* 97 AD2d 691, 692).

Here, the defendant demonstrated both a valid excuse for failing to interpose an answer to the complaint and a meritorious defense thereto. Therefore, the Supreme Court providently exercised its discretion in vacating the default. O'Brien, J.P., Krausman, Townes and Cozier, JJ., concur.