■ MICHELLE GORE et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [752 NYS2d 564] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Hall, J.), dated May 2, 2002, which denied its motion, in effect, to vacate its default in complying with so much of an order of the same court, dated May 4, 2001, as precluded it from producing any witnesses at trial if it failed to produce a witness for a deposition before a date certain.

Ordered that the order is affirmed, with costs.

A party seeking to vacate a default must demonstrate both a reasonable excuse for the default and the existence of a meritorious claim or defense (see CPLR 5015 [a] [1]; Incorporated Vil. of Hempstead v Jablonsky, 283 AD2d 553; Matter of Gambardella v Ortov Light., 278 AD2d 494; Parker v City of New York, 272 AD2d 310). Since the appellant failed to sustain its burden on the motion, the Supreme Court properly denied its motion. Altman, J.P., S. Miller, McGinity, Schmidt and Rivera, JJ., concur.