◼ In the Matter of BARBARA HABER, Respondent, v WLOD-ZIMIERZ HABER, Appellant. [760 NYS2d 352] —In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Putnam County (Miller, J.), entered January 7, 2002, which denied his objections to an order of the same court (Miklitsch, H.E.), entered September 26, 2001, denying his motion, in effect, to vacate an order of the same court (Miklitsch, H.E.), dated May 11, 2001, awarding child support, after an inquest. Justice Crane has been substituted for the late Justice O'Brien (*see* 22 NYCRR 670.1 [c]).

Ordered that the order is affirmed, with costs.

The mother commenced this proceeding in March 2001 for an award of support for the parties' two children. She presented an affidavit of personal service upon the father in Poland. The father failed to appear and, following an inquest, the Hearing Examiner awarded the mother child support by order dated May 11, 2001. The father filed objections to the Hearing Examiner's order, and, by his attorney, admitted that he was served in Poland and requested, inter alia, that the Family Court reconsider the amount of child support based on his tax return. The Family Court denied the father's objections by order dated July 2, 2001, noting that the father had not moved to vacate his default.

The father subsequently moved, in effect, to vacate the order dated May 11, 2001, and his attorney alleged, for the first time, that the father was not personally served in Poland. The father did not appear at the argument on his motion nor did his attorney submit an affidavit from him. The Hearing Examiner denied the motion by order entered September 26, 2001, on the ground that the father was personally served with the petition

and failed to demonstrate an excusable default. The father filed objections to the order entered September 26, 2001, and submitted an unsworn "affidavit" in which he claimed that he had not been personally served in Poland.

The Family Court properly determined that the father was not entitled to a hearing on the issue of personal jurisdiction. The father's objections to the order dated May 11, 2001, included an admission of service, and he addressed the merits of the petition (*see Matter of R & D Equip. Leasing Co. v Adduci,* 220 AD2d 900, 901 [1995]; *Rubino v City of New York,* 145 AD2d 285, 288 [1989]). Moreover, the father failed to submit an affidavit denying service with his motion, in effect, to vacate the order dated May 11, 2001 (*see European Am. Bank v Abramoff,* 201 AD2d 611 [1994]).

In addition, the father failed to present admissible evidence demonstrating a reasonable excuse for his default and a meritorious defense (*see Brosius v Brosius,* 266 AD2d 174 [1999]; CPLR 5015 [a]), and failed to offer sufficient documentation of his income and resources to support his contention that the child support award was excessive (*see New York City Commr. of Social Servs. v Hills,* 203 AD2d 574 [1994]). As the Hearing Examiner's order was supported by the record, it was properly sustained by the Family Court. Ritter, J.P., Goldstein, Townes and Crane, JJ., concur.