590

**JACQUELINE JACKSON-CUTLER, Respondent, v STEVEN LONG et al., Appellants, et al., Defendant.** [768 NYS2d 360]—

In an action, inter alia, to recover damages for breach of contract, the defendants Steven Long and Katherine Long appeal from an order of the Supreme Court, Kings County (Johnson, J.), dated July 31, 2002, which denied their motion to vacate their default in serving an answer to the complaint.

Ordered that the order is affirmed, without costs or disbursements.

A party seeking to vacate its default must demonstrate both a reasonable excuse and the existence of a meritorious defense (*see* CPLR 5015 [a] [1]; *Titan Realty Corp. v Schlem,* 283 AD2d 568 [2001]; *Poincy v White Bus Co.,* 278 AD2d 467 [2000]; *Parker v City of New York,* 272 AD2d 310 [2000]). The appellants did not set forth a reasonable excuse for their default since the conclusory affidavit of the defendant Joseph Gillette failed to establish that the appellants' answer was ever served in accordance with CPLR 2103 (b). The appellants also failed to present any evidentiary facts to establish a meritorious defense. Further, the evidence submitted by the appellants for the first time in their reply was properly disregarded by the Supreme Court (*see Adler v Suffolk County Water Auth.,* 306 AD2d 229 [2003]; *Chavez v Bancker Constr. Corp.,* 272 AD2d 429 [2000]). Accordingly, the Supreme Court properly denied the appellants' motion to vacate their default.

The appellants' remaining contention is improperly raised for the first time on appeal (*see Mann v All Waste Sys.,* 293 AD2d 656 [2002]; *Campanelli v Flushing Ultrasound Servs.,* 287 AD2d 428 [2001]; *Matter of ELRAC, Inc. v Edwards,* 270 AD2d 414 [2000]). Santucci, J.P., Goldstein, Schmidt and Cozier, JJ., concur.