■ U.S. BUS CORP. et al., Appellants, v J.S. BEN-EZRA INDUSTRIAL SALES, INC., et al., Respondents. [792 NYS2d 620]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Rockland County (Nelson, J.), dated December 5, 2003, which denied their motion for leave to enter judgment in favor of the plaintiff US Bus Corp. and against the defendants in the sum of $458,510 upon the defendants' failure to appear and answer, granted the defendants' cross motion, in effect, to vacate their default and to compel the plaintiffs to accept their verified answer, and deemed the answer served.

Ordered that the order is affirmed, with costs.

A defendant seeking to vacate a default in appearing or answering must demonstrate a justifiable excuse for the default and a meritorious defense (*see* CPLR 5015 [a] [1]; *Westchester Med. Ctr. v ELRAC, Inc.*, 301 AD2d 518 [2003]; *Cilindrello v Rayabin*, 297 AD2d 699 [2002]). The determination of what constitutes a reasonable excuse lies within the sound discretion of the trial court (*see Matter of Gambardella v Ortov Light.*, 278 AD2d 494 [2000]; *Parker v City of New York*, 272 AD2d 310 [2000]). We agree with the Supreme Court that the defendants satisfied their burden. Their unintentional default was minimal, and they demonstrated a meritorious defense that their heater was not responsible for the subject fire. H. Miller, J.P., S. Miller, Goldstein, Mastro and Lifson, JJ., concur.