■ BINNA HAN et al., Appellants, v CHUNGWON BARK, Respondent. [806 NYS2d 878]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Agate, J.), dated January 14, 2005, which granted the defendant's motion to vacate a prior order of the same court (Golar, J.) dated August 27, 2004, granting their motion for leave to enter judgment upon the defendant's default in appearing or answering the complaint, and to compel them to accept the defendant's answer.

Ordered that the order is reversed, on the law, with costs, the defendant's motion is denied, and the order dated August 27, 2004, is reinstated.

To vacate his default in appearing or answering the complaint, the defendant was required to present a reasonable excuse and a meritorious defense (*see* CPLR 5015 [a] [1]; *Cohen v Houseconnect Realty Corp.*, 16 AD3d 539 [2005]; *Santiago v New York City Health & Hosps. Corp.*, 10 AD3d 393 [2004]). The defendant failed to make that showing. The speculative and unsubstantiated claims of the defense counsel and the claims adjuster as to whether the defendant received service of process did not amount to a reasonable excuse for the default, given the affidavit of service indicating proper service under CPLR 308 (4) (*see Sardar v Birra*, 287 AD2d 446, 447 [2001]; *see generally Platonov v Sciabarra*, 305 AD2d 651 [2003]; *Truscello v Olympia Constr.*, 294 AD2d 350, 351 [2002]). Cozier, J.P., Luciano, Fisher and Covello, JJ., concur.