DEBORAH KNUPFER et al., Respondents, v THE HERTZ CORPORATION, Appellant, et al., Defendants. [827 NYS2d 394]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered April 13, 2006 in a personal injury action. The order denied the motion of defendant the Hertz Corporation to vacate an order granting a default judgment against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the order entered January 27, 2006 is vacated.

Memorandum: A party seeking to vacate a default judgment is "required to demonstrate both a reasonable excuse for the default and a meritorious defense to the action" (*Fennell v Mason*, 204 AD2d 599, 599 [1994]; *see* CPLR 5015 [a] [1]). The Hertz Corporation (defendant) has satisfactorily demonstrated a reasonable excuse for its failure to respond to the summons with notice by adducing evidence, in admissible form, establishing that a copy of the summons with notice served upon defendant never reached the desk of its employee who had been handling the matter and who had communicated with counsel for plaintiffs (*see generally Triangle Transp., Inc. v Markel Ins. Co.*, 18 AD3d 229 [2005]). Further, defendant offered evidence, through the affidavit of one of its claim managers, that its vehicle that was involved in the accident had not been rented to anyone, was abandoned shortly after the accident, and was probably stolen. That evidence sufficiently demonstrates a possible meritorious defense to the action, i.e., that, at the time of the accident, the vehicle of defendant was being driven without its express or implied permission (*see generally Loris v S & W Realty Corp.*, 16 AD3d 729, 731 [2005]). Supreme Court therefore erred in denying the motion of defendant to vacate the order granting plaintiffs a default judgment against it. Present—Scudder, P.J., Hurlbutt, Gorski, Martoche and Smith, JJ.