■ DAVE SANDEL, INC., Appellant, v SPECIALIZED INDUSTRIAL SERVICES CORP., Respondent. [826 NYS2d 735]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Werner, J.), dated January 27, 2006, which granted the defendant's motion to vacate a judgment of the same court entered November 14, 2005 upon its default in answering or appearing, and for leave to serve a late answer.

Ordered that the order is reversed, on the law, with costs, and the motion to vacate the judgment and for leave to serve a late answer is denied.

To vacate its default in answering or appearing, the defen-

dant was required to demonstrate both a reasonable excuse for the default and a meritorious defense (*see* CPLR 5015 [a] [1]; *Kurtz v Mitchell*, 27 AD3d 697 [2006]; *Binna Han v Chungwon Bark*, 25 AD3d 586 [2006]). Under the circumstances presented in this case, the defendant's purported continued belief that its prior attorney was handling this case for it was unreasonable and, thus, does not excuse its default (*see Roussodimou v Zafiriadis*, 238 AD2d 568, 568-569 [1997]). Moreover, where, as here, there is a pattern of default and neglect, the negligence of the attorney is properly imputed to the client (*see Edwards v Feliz*, 28 AD3d 512 [2006]; *MRI Enters. v Amanat*, 263 AD2d 530, 531 [1999]).

Accordingly, the Supreme Court should have denied the defendant's motion to vacate the judgment. Miller, J.P., Krausman, Spolzino, Fisher and Dillon, JJ., concur.