■ Michael Goody, Appellant, v James Lloyd et al., Defendants, and Kimberly Jones, Also Known as "Lil Kim," Respondent. [840 NYS2d 429]—

In an action, inter alia, to recover damages for assault, the plaintiff appeals from an order of the Supreme Court, Kings County (Hinds-Radix, J.), dated August 18, 2006, which granted the motion of the defendant Kimberly Jones, also known as "Lil Kim," to vacate an order of the same court entered July 29, 2005, granting that branch of the plaintiff's motion which was pursuant to CPLR 3126 for leave to enter judgment against that defendant on the issue of liability based upon her default in appearing for an examination before trial, without opposition, and scheduling an inquest.

Ordered that the order is reversed, on the law, with costs, the motion of the defendant Kimberly Jones, also known as "Lil Kim," to vacate the order entered July 29, 2005 is denied, and the order entered July 29, 2005 is reinstated.

To vacate her default, the defendant Kimberly Jones, also known as "Lil Kim," was required to demonstrate a reasonable excuse for not opposing the plaintiff's motion and a meritorious defense to the motion (*see* CPLR 5015 [a] [1]; *Piton v Cribb*, 38 AD3d 741, 742 [2007]; *Yurteri v Artukmac*, 28 AD3d 545, 546 [2006]). Jones failed to present a reasonable excuse. Where, as here, there is a pattern of default and neglect, the attorney's negligence can properly be imputed to the client (*see Dave Sandel, Inc. v Specialized Indus. Servs. Corp.*, 35 AD3d 790, 791 [2006]; *Edwards v Feliz*, 28 AD3d 512, 513 [2006]; *MRI Enters. v Amanat*, 263 AD2d 530, 531 [1999]). Accordingly, the Supreme Court should have denied Jones' motion to vacate. Crane, J.P., Santucci, Florio, Dillon and Balkin, JJ., concur.