■ DIAMOND TRUCK LEASING CORP. et al., Respondents, v CROSS COUNTRY INSURANCE BROKERAGE, INC., et al., Appellants. [877 NYS2d 901]—

In an action, inter alia, to recover insurance premium payments, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Austin, J.), dated April 15, 2008, as denied that branch of their motion which was, in effect, to vacate a prior order entered November 24, 2004, granting that branch of the plaintiffs' unopposed motion which was for leave to enter judgment against them on the issue of liability, upon their default in appearing or answering.

Ordered that the order dated April 15, 2008, is affirmed insofar as appealed from, with costs.

A defendant attempting to vacate an order entered upon its default in opposing a motion must demonstrate both a reasonable excuse for the default and a meritorious defense to the motion and the action (*see Edwards v Feliz,* 28 AD3d 512, 513 [2006]). After making an informal appearance, the defendants failed to oppose the plaintiffs' motion for leave to enter a default judgment and failed to appear at the inquest on the issue of damages. Even if the defendants' defaults were due to the personal problems and neglect of their former attorney (*see* CPLR 2005), the defendants' three-year delay in moving to vacate their defaults and in taking any steps to ascertain the status of the case displays a pattern of neglect which, under the circumstances, should not be excused (*see MRI Enters. v Amanat,* 263 AD2d 530, 531 [1999]; *Roussodimou v Zafiriadis,* 238 AD2d 568 [1997]; *Lauro v Cronin,* 184 AD2d 837 [1992]).

Moreover, the defendants' conclusory allegations that they provided insurance coverage to the plaintiffs for the relevant time period was insufficient to establish a meritorious defense (*see MRI Enters. v Amanat*, 263 AD2d at 531). Mastro, J.P., Fisher, Miller, Dickerson and Chambers, JJ., concur.