■ Barbara Newell, Respondent, v Joseph Hirsch, Appellant. [885 NYS2d 130]—

In an action to recover damages, inter alia, for personal injuries, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Mahon, J.), dated April 18, 2008, which denied his motion to vacate a prior order of the same court (Alpert, J.), dated July 13, 2005, granting the plaintiff's unopposed

motion for summary judgment on the issue of liability, and (2) an order of the same court (Mahon, J.), dated June 19, 2008, which denied his motion to compel production of a bill of particulars and a response to discovery demands or, in the alternative, to preclude the plaintiff from offering any evidence at trial.

Ordered that the orders dated April 18, 2008, and June 19, 2008, are affirmed, with one bill of costs.

The plaintiff commenced this action in October 1999, alleging that she had been assaulted by the defendant. Issue was joined in January 2000. The defendant was convicted of the assault in January 2002. The plaintiff's motion for summary judgment on the issue of liability was granted without opposition on July 13, 2005, and the plaintiff filed a note of issue on July 21, 2005. In January 2008, the defendant moved to vacate the order awarding summary judgment to the plaintiff. The Supreme Court denied that motion in the first order appealed from, dated April 18, 2008. On May 7, 2008, the defendant moved to compel the plaintiff to comply with his demands for a bill of particulars and discovery that were dated April 15, 2008, or, in the alternative, to preclude the plaintiff from offering any evidence at trial. The Supreme Court denied that motion in the second order appealed from, dated June 19, 2008.

A defendant seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a meritorious defense to the motion and the action (*see Diamond Truck Leasing Corp. v Cross Country Ins. Brokerage, Inc.,* 62 AD3d 745; *Simpson v Tommy Hilfiger U.S.A., Inc.,* 48 AD3d 389 [2008]; *Matter of Gambardella v Ortov Light.,* 278 AD2d 494, 495 [2000]; *Neuman v Greenblatt,* 260 AD2d 616, 617 [1999]). Here, the defendant failed to demonstrate either and the Supreme Court, thus, properly denied his motion to vacate the order granting the plaintiff's unopposed motion for summary judgment on the issue of liability (*see Diamond Truck Leasing Corp. v Cross Country Ins. Brokerage, Inc.,* 62 AD3d at 745-746; *Matter of Gambardella v Ortov Light,* 278 AD2d at 495; *Neuman v Greenblatt,* 260 AD2d at 617).

The Supreme Court also properly denied the defendant's motion to compel the plaintiff to comply with his discovery demands served nearly three years after the note of issue was filed. In order to obtain such belated relief, the defendant was required to demonstrate unusual or unanticipated circumstances and substantial prejudice (*see* 22 NYCRR 202.21 [d]; *Audiovox Corp. v Benyamini,* 265 AD2d 135, 138 [2000]). The

defendant did not do so. Spolzino, J.P., Skelos, Dillon and Covello, JJ., concur.