■ HSBC Bank USA National Association, Appellant, v Nuteh 72 Realty Corp. et al., Respondents, et al., Defendants. [895 NYS2d 497]—

In an action, inter alia, to set aside a conveyance of real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Lewis, J.), dated March 20, 2009, which denied its motion for leave to enter a default judgment against the defendants Nuteh 72 Realty Corp. and Nathan Friedman, and granted the cross motion of those defendants, inter alia, to vacate a prior order dated January 3, 2008, granting the plaintiff's unopposed motion pursuant to CPLR 3126 to strike their answer.

Ordered that the order dated March 20, 2009, is reversed, on

the law, with costs, the plaintiff's motion for leave to enter a default judgment against the defendants Nuteh 72 Realty Corp. and Nathan Friedman is granted, and the cross motion to vacate the order dated January 3, 2008, is denied.

"A defendant seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a meritorious defense to the motion and the action" (*Newell v Hirsch*, 65 AD3d 1108, 1109 [2009]; *see Diamond Truck Leasing Corp. v Cross Country Ins. Brokerage, Inc.*, 62 AD3d 745 [2009]; *Simpson v Tommy Hilfiger U.S.A., Inc.*, 48 AD3d 389 [2008]; *Matter of Gambardella v Ortov Light.*, 278 AD2d 494, 495 [2000]; *Neuman v Greenblatt*, 260 AD2d 616, 617 [1999]). Here, in opposition to the plaintiff's motion for leave to enter a default judgment against the defendants Nuteh 72 Realty Corp. and Nathan Friedman (hereinafter the defendants), and in support of their cross motion, inter alia, to vacate their default in opposing the plaintiff's motion to strike their answer pursuant to CPLR 3126, the defendants succeeded in demonstrating a reasonable excuse for their default (*see Evolution Impressions, Inc. v Lewandowski*, 59 AD3d 1039, 1040 [2009]).

However, the defendants failed to demonstrate, through evidence in admissible form, the existence of a meritorious defense, specifically, under the circumstances here, whether they were good faith purchasers of the subject real property for valuable consideration. Friedman's affirmation states only that "NUTEH is a 'good faith' purchaser for value of the Premises." This conclusory, self-serving, and bare legal conclusion was insufficient to establish the existence of a meritorious defense (*see Diamond Truck Leasing Corp. v Cross Country Ins. Brokerage, Inc.*, 62 AD3d at 746; *Matter of Atkin v Atkin*, 55 AD3d 905 [2008]; *cf. Atwater v Mace*, 39 AD3d 573, 575 [2007]). Additionally, in the absence of any foundation, the defendants' submission of a one-page printout of a New York City Department of Finance document entitled "A[utomated] C[ity] R[egister] I[nformation] S[ystem] Search Results By Parcel Identifier" did not constitute evidence in admissible form sufficient to establish the existence of a meritorious defense (*see generally Knupfer v Hertz Corp.*, 35 AD3d 1237, 1238 [2006]; *Triangle Transp., Inc. v Markel Ins. Co.*, 18 AD3d 229 [2005]; *Matter of Haber v Haber*, 306 AD2d 282, 283 [2003]; *Merrill/New York Co. v Celerity Sys.*, 300 AD2d 206, 207 [2002]). Accordingly, in the absence of any admissible evidence sufficient to demonstrate the existence of a meritorious defense, the Supreme Court should have granted the plaintiff's motion for leave to enter a default judg-

ment, and denied the defendants' cross motion, inter alia, to vacate their default in opposing the plaintiff's motion to strike their answer. Rivera, J.P., Florio, Dickerson, Belen and Roman, JJ., concur.