■ WHITESTONE CONSTRUCTION CORP., Respondent, v NOVA CASUALTY COMPANY et al., Defendants, and ECT CET, LLC, et al., Appellants. [13 NYS3d 110]—

In an action to recover damages for breach of contract, the defendants ECT CET, LLC, and Evandelos Tritaris appeal from an order of the Supreme Court, Queens County (Kitzes, J.), entered March 8, 2013, which denied their motion pursuant to CPLR 5015 (a) (1) to vacate an order of the same court dated April 24, 2012, granting the plaintiff's motion, inter alia, for leave to enter a judgment against them upon their failure to appear at a status conference, to strike their answer for failure

to comply with discovery orders, and directing an inquest on the issue of damages.

Ordered that the order entered March 8, 2013, is affirmed, with costs.

To vacate a judgment entered upon their default in appearing at a status conference and upon the striking of their answer for failure to comply with discovery orders, Evangelos Tritaris, incorrectly sued herein as Evandelos Tritaris, and ECT CET, LLC (hereinafter together the ECT defendants), were required to demonstrate a reasonable excuse for these defaults and a potentially meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *Manufacturers & Traders Trust Co. v Consolidated Constr. Group, LLC*, 114 AD3d 834 [2014]; *Kim v S&M Caterers, Inc.*, 112 AD3d 581 [2013]). Here, the ECT defendants failed to demonstrate a reasonable excuse. The ECT defendants' repeated failures, inter alia, to (1) respond to the plaintiff's discovery demands, (2) comply with court orders requiring them to provide discovery, (3) appear in court, and (4) ascertain the status of the case, constituted a pattern of willful default and neglect which cannot be excused (*see Diamond Truck Leasing Corp. v Cross Country Ins. Brokerage, Inc.*, 62 AD3d 745 [2009]; *Goody v Lloyd*, 43 AD3d 390, 391 [2007]; *Dave Sandel, Inc. v Specialized Indus. Servs. Corp.*, 35 AD3d 790, 791 [2006]; *Kumar v Yonkers Contr. Co., Inc.*, 14 AD3d 493, 494 [2005]). In any event, the ECT defendants' conclusory allegation that they had no contractual relationship with the plaintiff was insufficient to establish a potentially meritorious defense to this action to recover damages for breach of contract (*see Diamond Truck Leasing Corp. v Cross Country Ins. Brokerage, Inc.*, 62 AD3d at 746; *MRI Enters. v Amanat*, 263 AD2d 530, 531 [1999]). Accordingly, the Supreme Court properly denied the ECT defendants' motion pursuant to CPLR 5015 (a) (1) to vacate an order dated April 24, 2012, granting the plaintiff's motion, inter alia, for leave to enter a judgment against them upon their failure to appear at a status conference, to strike their answer for failure to comply with discovery orders, and directing an inquest on the issue of damages. Rivera, J.P., Austin, Cohen and Duffy, JJ., concur.