(April 20, 2016)

■ Selvin Morel Alvarez, Respondent, v Dedvukaj Construction, Inc., et al., Appellants. [30 NYS3d 239]—

In an action, inter alia, to recover unpaid wages and damages for violations of the Labor Law, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Smith, J.), dated December 16, 2014, as, upon sua sponte vacating a prior order of the same court dated October 10, 2014, granting their motion pursuant to CPLR 5015 to vacate a judgment of the same court dated April 3, 2014, entered upon their failure to appear or answer the complaint, denied their motion pursuant to CPLR 5015 to vacate the judgment and reinstated the judgment.

Ordered that on the Court's own motion, the notice of appeal from so much of the order dated December 16, 2014, as, upon sua sponte vacating the order dated October 10, 2014, denied the defendants' motion pursuant to CPLR 5015 to vacate the judgment and reinstated the judgment, is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order dated December 16, 2014, is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was employed by the defendants as a day laborer from August 20, 2012 until approximately January 15, 2013. He commenced this action seeking unpaid wages, as well as damages for violations of the Labor Law. The defendants failed to appear or answer the complaint, and they failed to oppose the plaintiff's subsequent motion for leave to enter a default judgment, despite having received due notice thereof. On April 3, 2014, the Supreme Court entered a default judgment in favor of the plaintiff and against the defendants in the total sum of $18,513.42.

By notice of motion dated September 8, 2014, the defendants moved pursuant to CPLR 5015 to vacate the default judgment. The Supreme Court initially granted the motion in an order dated October 10, 2014, and the plaintiff timely filed a notice of appeal from that order (Appellate Division docket No. 2014-10501). Before that appeal had been perfected, however, the

Supreme Court, in an order dated December 16, 2014, inter alia, sua sponte, vacated the order dated October 10, 2014, denied the defendants' motion to vacate the default judgment, and reinstated the default judgment. The plaintiff then withdrew his appeal from the order dated October 10, 2014, and the defendants appeal from portions of the order dated December 16, 2014.

Contrary to the defendants' contention, they failed to proffer any reasonable excuse for their default (*see Roussodimou v Zafiriadis*, 238 AD2d 568 [1997]; *see also Madison Acquisition Group, LLC v 7614 Fourth Real Estate Dev., LLC*, 111 AD3d 800 [2013]; *Dave Sandel, Inc. v Specialized Indus. Servs. Corp.*, 35 AD3d 790, 790-791 [2006]). The defendants' ongoing and unexplained failure to take any action to oppose the entry of a default judgment was unreasonable under the circumstances and amounted to a pattern of willful default and neglect that should not be excused (*see Santiago v New York City Health & Hosps. Corp.*, 10 AD3d 393, 394 [2004]). Since the defendants failed to demonstrate a reasonable excuse for their default, we need not consider whether they proffered a potentially meritorious defense to the action (*see Deutsche Bank Natl. Trust Co. v Conway*, 99 AD3d 755, 755-756 [2012]; *Hegarty v Ballee*, 18 AD3d 706, 707 [2005]).

Accordingly, the Supreme Court providently exercised its discretion in denying the defendants' motion pursuant to CPLR 5015 to vacate the default judgment. Chambers, J.P., Austin, Roman and Duffy, JJ., concur.