Appeal from an order of the Supreme Court, Ontario County (Frederick G. Reed, A.J.), entered July 25, 2016. The order granted defendant’s motion to dismiss the complaint and denied plaintiffs’ cross motion for a default judgment.
 

 It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
 

 Memorandum: Plaintiffs, individual retired employees of defendant, Geneva City School District, and their retirees association, commenced this breach of contract/declaratory judgment action seeking, inter alia, a declaration that they are entitled to the health insurance benefits provided in the collective bargaining agreement (CBA) in effect at the time each individual plaintiff retired. Defendant moved to dismiss the complaint, contending, inter alia, that plaintiffs had failed to serve a timely notice of claim as required by Education Law § 3813 (1) and that the action was barred by the one-year statute of limitations contained in section 3813 (2-b). Plaintiffs cross-moved for a default judgment, contending that defendant’s motion was untimely or, in the alternative, for leave to serve a late notice of claim pursuant to Education Law § 3813 (2-a) and an amended complaint. We conclude that Supreme Court did not abuse its discretion in granting defendant’s motion and denying plaintiffs’ cross motion in its entirety.
 

 Defendant does not dispute that, due to extensions granted by plaintiffs’ attorney, it had until January 8, 2016 in which to file an answer or to make a motion to dismiss. Defendant’s attorney attempted to complete the filing through the e-filing system on that date. Alleging technical difficulties with the e-filing system, defendant’s attorney, on the next business day, filed and served hard copies of the documents and thereafter completed the e-filing within three business days as required by 22 NYCRR 202.5-b (i). Plaintiffs, in their cross motion, contended that the motion was untimely and that they were entitled to a default judgment. Even assuming, arguendo, that the averments of defendant’s attorney are insufficient to establish a technical difficulty with the e-filing system and thus to establish that the motion was timely under 22 NYCRR 202.5-b (i), we nevertheless conclude that the court properly denied plaintiffs’ cross motion for a default judgment. Plaintiffs do not dispute the court’s finding that defendant had a reasonable excuse for its delay in filing and serving the motion, but they contend that defendant failed to establish a meritorious defense to their action. We reject that contention.
 

 A defendant opposing an application for a default judgment need not establish that it will be successful on the merits, but must establish only that there is “a possible meritorious defense to the action” (Knupfer v Hertz Corp., 35 AD3d 1237, 1238 [4th Dept 2006]). Here, defendant had several possible meritorious defenses to the complaint as a whole or to various claims within the complaint. For example, plaintiffs had not filed and served a notice of claim as required by Education Law § 3813 (1) (see Lopez v City of New York, 179 AD2d 388, 388-389 [1st Dept 1992]), and several claims were barred by the one-year statute of limitations contained in section 3813 (2-b) (see Fapco Landscaping, Inc. v Valhalla Union Free School Dist., 61 AD3d 922, 923 [2d Dept 2009]). Moreover, with respect to the underlying merits of the allegations, based on the language in the excerpts of the CBAs contained in the record on appeal, it appears that defendant may have had a meritorious defense to all of the allegations in the complaint (see Non-Instruction Adm’rs & Supervisors Retirees Assn. v School Dist. of City of Niagara Falls, 118 AD3d 1280, 1282-1283 [4th Dept 2014]; cf. Kolbe v Tibbetts, 22 NY3d 344, 353-354 [2013]; Guerrucci v School Dist. of City of Niagara Falls, 126 AD3d 1498, 1499 [4th Dept 2015], lv dismissed 25 NY3d 1194 [2015]).
 

 Plaintiffs further contend, in the alternative, that the court should have permitted them to serve a late notice of claim and an amended complaint. We reject that contention. “In determining whether to grant such leave, the court must consider, inter alia, whether the [plaintiff] has shown a reasonable excuse for the delay, whether the [school district] had actual knowledge of the facts surrounding the claim within 90 days of its accrual, and whether the delay would cause substantial prejudice to the [school district]” (Matter of Friend v Town of W. Seneca, 71 AD3d 1406, 1407 [4th Dept 2010]; see Kennedy v Oswego City Sch. Dist., 148 AD3d 1790, 1790 [4th Dept 2017]; see generally Education Law § 3813 [2-a]). “Absent a clear abuse of the court’s broad discretion, the determination of an application for leave to serve a late notice of claim will not be disturbed” (Dalton v Akron Cent. Schools, 107 AD3d 1517, 1518 [4th Dept 2013], affd 22 NY3d 1000 [2013] [internal quotation marks omitted]; see Kennedy, 148 AD3d at 1790). Here, the court determined that plaintiffs had failed to demonstrate a reasonable excuse for the delay, and we discern no clear abuse of discretion in that determination. Moreover, we conclude that plaintiffs failed to demonstrate that defendant had actual knowledge of the essential facts underlying the causes of action, i.e., actual “ ‘[k]nowledge of the injuries or damages claimed by [the plaintiffs], rather than mere notice of the underlying occurrence’ ” (Matter of Candino v Starpoint Cent. Sch. Dist., 115 AD3d 1170, 1171 [4th Dept 2014], affd 24 NY3d 925 [2014]).
 

 Finally, plaintiffs contend that they are not time-barred from receiving the health care coverage that was in effect at the time they retired, based on the implied covenant of good faith and fair dealing as well as the continuing wrong doctrine. Those contentions are improperly raised for the first time on appeal, and we therefore do not address them (see Associated Textile Rental Servs. v Xerox Corp., 2 AD3d 1301, 1301 [4th Dept 2003]; Merchants Bank of N.Y. v Stahl, 269 AD2d 236, 236 [1st Dept 2000]; Velaire v City of Schenectady, 235 AD2d 647, 649 [3d Dept 1997], lv denied 89 NY2d 816 [1997]; Kingston v Braun, 122 AD2d 543, 543 [4th Dept 1986]).
 

 Present— Carni, J.P., Lindley, DeJoseph, Troutman and Winslow, JJ.