Matter of Thompson v Savane (2019 NY Slip Op 04954)





Matter of Thompson v Savane


2019 NY Slip Op 04954


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
HECTOR D. LASALLE, JJ.


2018-12679
 (Docket No. F-20905-16/18B)

[*1]In the Matter of Carmell E. Thompson, respondent,
v
Gaoussou Savane, appellant.


Savane Gaoussou, named herein as Gaoussou Savane, Providence, Rhode Island, appellant pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (Ben Darvil, Jr., J.), dated September 26, 2018. The order denied the father's objections to an order of the same court (Elizabeth Shamahs, S.M.) dated June 5, 2018, which directed entry of a money judgment in favor of the mother and against him in the principal sum of $3,155.74.
ORDERED that the order dated September 26, 2018, is affirmed, without costs or disbursements.
The mother filed a violation petition against the father for nonpayment of child support. In an order dated June 5, 2018, the Support Magistrate directed entry of a money judgment in favor of the mother and against the father in the principal sum of $3,155.74. The father filed objections to the Support Magistrate's order, alleging that he had not been served with process and that the Family Court lacked personal jurisdiction over him. In an order dated September 26, 2018, the Family Court denied the father's objections. The father appeals.
Family Court Act § 167 provides that "[w]henever a person . . . to whom a summons shall have been directed shall physically appear before the court on the return day of such summons, it shall be conclusively presumed that the summons was duly served upon such person . . . unless such person or some one in his [or her] behalf shall on such return day make objection to the manner of service." Here, a sheriff's certificate of service demonstrates that the father was served with the summons and notice of petition directing the father to appear in the Family Court on February 16, 2018. The father appeared in court on that date and was identified by the mother, but made no objection to the manner of service. Moreover, the father failed to submit any evidence to substantiate his contention that he is not the named respondent herein. Accordingly, we agree with the denial of the father's objections to the Support Magistrate's order (see Family Ct Act § 167; Matter of Jackson v Idlett, 103 AD3d 723; see also Matter of Haber v Haber, 306 AD2d 282, 283).
AUSTIN, J.P., LEVENTHAL, ROMAN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court