Matter of Anotin v Abraham (2019 NY Slip Op 05124)





Matter of Anotin v Abraham


2019 NY Slip Op 05124


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-10604
 (Docket No. F-1191-18)

[*1]In the Matter of Beverly Anotin, respondent,
v
Jerry Abraham, appellant.


Jerry Abraham, Westbury, NY, appellant pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Ayesha K. Brantley, J.), dated July 30, 2018. The order denied the father's objections to an order of the same court (Elizabeth A. Bloom, S.M.) dated May 29, 2018, which directed him to pay $635.58 per month in basic child support and $51 per month for child care expenses for the two subject children.
ORDERED that the order dated July 30, 2018, is affirmed, without costs or disbursements.
The mother commenced this proceeding against the father to establish child support for the parties' two children. The parties appeared before a Support Magistrate on May 29, 2018, and the father claimed that personal jurisdiction was not acquired over him, contending that his name was incorrectly written in the caption. Following a fact-finding hearing, the Support Magistrate issued an order dated May 29, 2018, which directed the father to pay $635.58 per month in basic child support and $51 per month for child care expenses. The father filed objections to the order, again contending that the Family Court lacked personal jurisdiction over him. By order dated July 30, 2018, the court denied the father's objections. We affirm.
We agree with the Family Court's determination that personal jurisdiction was obtained over the father in the proceeding based upon the evidence before it, specifically, a Sheriff's Certificate of Service indicating that the father was personally served at his residence with the summons and petition. The father did not raise any legitimate argument that he was not served at the time and place indicated in the Sheriff's Certificate of Service (see generally Matter of Haber v Haber , 306 AD2d 282). An error in how his name was written in the caption would not have affected his rights, since personal service was effected on him (cf. Guarino v West-Put Contr. Co. , 289 AD2d 290), and he was not misled by the alleged error. In any case, the father never established that his name was misstated in the caption.
The father's remaining contentions are without merit.
MASTRO, J.P., HINDS-RADIX, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court