Hands On Physical Therapy Care v MVAIC (2021 NY Slip Op 50576(U))

[*1]

Hands On Physical Therapy Care v MVAIC

2021 NY Slip Op 50576(U) [72 Misc 3d 127(A)]

Decided on June 21, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 21, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, J.P., MICHELLE WESTON, DAVID ELLIOT, JJ

2020-164 K C

Hands On Physical Therapy Care, as
Assignee of Webb, Shy'Maine, Appellant,
against
MVAIC, Respondent. 

The Rybak Firm, PLLC (Damin J. Toell and Karina Barska of counsel), for appellant.
Marshall & Marshall, PLLC (Craig B. Marshall and Jeffrey Kadushin of counsel), for
respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin
Kelly Sheares, J.), entered August 8, 2019. The order granted the branch of defendant's motion
seeking to vacate a judgment entered upon defendant's failure to appear or answer the
complaint.

ORDERED that the order is affirmed, with $25 costs.
Plaintiff commenced this action on October 29, 2018 to recover assigned first-party no-fault
benefits. It is undisputed that defendant was served with the summons and complaint on
November 21, 2018, and that, on January 4, 2019, it served its answer, which plaintiff rejected as
untimely. On January 8, 2019, plaintiff applied to the clerk for a default judgment, which was
entered on February 7, 2019. Plaintiff appeals from an order of the Civil Court entered August 8,
2019 granting the branch of defendant's motion seeking to vacate the default judgment. 
A defendant seeking to vacate a default judgment pursuant to CPLR 5015 (a) (1) must
demonstrate a reasonable excuse for the default and a potentially meritorious defense to the
action (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]).
The determination of what constitutes a reasonable excuse for a default lies within the sound
discretion of the motion court (see Matter of Gambardella v Ortov Light., 278 AD2d 494
[2000]). Contrary to plaintiff's contention, defendant established a reasonable excuse for its
default. As plaintiff raises no issue with respect to the implicit determination of the Civil Court
[*2]that defendant demonstrated that it has a potentially
meritorious defense to the action, we find no reason to disturb the order. 
Accordingly, the order is affirmed.
TOUSSAINT, J.P., WESTON and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 21, 2021