Damsky v Williams (2022 NY Slip Op 05309)

Damsky v Williams

2022 NY Slip Op 05309

Decided on September 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
PAUL WOOTEN, JJ.

2021-03705
 (Index No. 517758/16)

[*1]Allan Damsky, appellant, 
v
Seddrick Williams, respondent.

David A. Zelman, Brooklyn, NY, for appellant.
Michael E. Hatchett, Claverack, NY (Mark A. Samuel of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for assault and battery, the plaintiff appeals from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated January 27, 2021. The order, insofar appealed from, granted that branch of the defendant's motion which was, in effect, pursuant to CPLR 5015(a)(1) to vacate a judgment of the same court entered June 7, 2019, which, upon a prior order of the same court (Lawrence Knipel, J.) dated February 11, 2019, holding the defendant in default for his failure to appear at a particular conference, and after an inquest on the issue of damages, is in favor of the plaintiff and against the defendant in the total sum of $16,662.50.
ORDERED that the order dated January 27, 2021, is affirmed insofar as appealed from, with costs.
On or about October 9, 2016, the plaintiff commenced this action against the defendant, inter alia, to recover damages for assault and battery. On February 11, 2019, the defendant failed to appear at a particular conference. The Supreme Court, in an order issued that day, held the defendant in default and directed an inquest on the issue of damages. Thereafter, an inquest was held on the issue of damages, and on June 7, 2019, a judgment was entered in favor of the plaintiff and against the defendant in the total sum of $16,662.50. Subsequently, the defendant moved, inter alia, in effect, pursuant to CPLR 5015(a)(1) to vacate the judgment. In the order appealed from, the court, among other things, granted that branch of the defendant's motion. The plaintiff appeals.
The defendant was required to demonstrate a reasonable excuse for his default in appearing at the conference and a potentially meritorious defense to the action (see New St. Assoc., LLC v Gach, 173 AD3d 749, 750; New York Vein Ctr., LLC v Dovlaryan, 162 AD3d 1056, 1057; Whitestone Constr. Corp. v Nova Cas. Co., 129 AD3d 831, 832). The determination of whether an excuse for defaulting in appearing at a conference is reasonable is a matter resting within the Supreme Court's sound discretion (see New St. Assoc., LLC v Gach, 173 AD3d at 750). Here, the Supreme Court providently exercised its discretion in determining that the defendant demonstrated a reasonable excuse for his default in appearing at the conference (see CPLR 2005; cf. Liotti v Peace, 15 AD3d 452, 453), as well as a potentially meritorious defense to the action.
Accordingly, the Supreme Court properly granted that branch of the defendant's [*2]motion which was, in effect, pursuant to CPLR 5015(a)(1) to vacate the judgment.
The plaintiff's remaining contention is without merit.
CONNOLLY, J.P., RIVERA, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court