Mendez v Jefferson (2024 NY Slip Op 50067(U))

[*1]

Mendez v Jefferson

2024 NY Slip Op 50067(U)

Decided on January 12, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 12, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, LISA S. OTTLEY, JJ

2023-441 K C

Carmen L. Mendez, Appellant,
against
Monica Jefferson, Respondent. 

Carmen L. Mendez, appellant pro se.
Monica Jefferson, respondent pro se (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Inga M. O'Neale, J.), entered March 21, 2023. The order granted defendant's motion to vacate a judgment entered against her on March 26, 2015, upon her failure to answer or appear in the action, and to restore the matter to the calendar.

ORDERED that the order is affirmed, without costs.
Plaintiff commenced this small claims action on September 18, 2014 for nonpayment of rent in the amount of $929.22. Defendant did not answer or otherwise appear in the action. Following an inquest on March 26, 2015, a default judgment was entered against defendant in the amount of $929.22. After her wages were garnished on February 15, 2023, defendant moved to vacate the default judgment and to restore the action to the calendar. In her supporting affidavit dated February 16, 2023, defendant averred that she had moved out of the subject premises in 2013, only owing two months of rent arrears, and that she had not been served in this action or otherwise made aware of the existence of this action until her wages were garnished. In opposition, plaintiff argued that, although plaintiff had taken defendant to court multiple times for not paying the rent, defendant had not appeared in court previously and had not paid the overdue rent. Additionally, plaintiff argued that when she had hired a marshal to open the [*2]apartment in 2017, it was discovered that defendant had left the apartment in "deplorable condition." Following oral argument, the Civil Court, by order entered March 21, 2023, granted defendant's motion.
To be relieved of her default, pursuant to CPLR 5015 (a) (1), defendant was required to demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the action (see Nationstar Mtge., LLC v McLean, 140 AD3d 1131 [2016]; 136-76 39th Ave., LLC v Ai Ping Wu, 55 Misc 3d 128[A], 2017 NY Slip Op 50363[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). The determination of what constitutes a reasonable excuse sufficient to vacate a default lies within the sound discretion of the motion court when considering the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits (see Matter of Gambardella v Ortov Light., 278 AD2d 494 [2000]; see also Harcztark v Drive Variety, Inc., 21 AD3d 876, 876-877 [2005]). In this case, we find that the Civil Court did not improvidently exercise its discretion in determining that defendant demonstrated a reasonable excuse for her default. We also agree that defendant demonstrated a potentially meritorious defense to the action. Plaintiff has not demonstrated any basis to disturb the order.
Accordingly, the order is affirmed.
TOUSSAINT, P.J., BUGGS and OTTLEY, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 12, 2024