Matter of Ratliff v Town of Nelson (2024 NY Slip Op 05518)

Matter of Ratliff v Town of Nelson

2024 NY Slip Op 05518

Decided on November 7, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 7, 2024

CV-23-0917
[*1]In the Matter of Steve Ratliff et al., Appellants,
v
Town of Nelson, Respondent.

Calendar Date:September 11, 2024

Before:Aarons, J.P., Lynch, Ceresia, McShan and Mackey, JJ.

Barclay Damon LLP, Syracuse (Kayla A. Arias of counsel), for appellants.
Costello Cooney & Fearon, PLLC, Syracuse (John R. Langey of counsel), for respondent.

Ceresia, J.
Appeal from a judgment of the Supreme Court (Patrick J. O'Sullivan, J.), entered April 14, 2023 in Madison County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted respondent's motion to dismiss the amended petition/complaint.
Petitioners are homeowners on McCarthy Road in the Town of Nelson, Madison County. David Hopkinson and Debra Hopkinson also own property on that road. The Hopkinsons applied to the Town of Nelson Planning Board for permission to construct a single-family home and related improvements on their property. Several neighbors, including petitioners, sent letters to the Planning Board and voiced opposition to the Hopkinsons' proposal during a public hearing. By a decision issued on April 10, 2018, and filed with the Town Clerk on June 12, 2018, the Planning Board approved the Hopkinsons' site plan. Petitioner Karen Gage then sought an interpretation of the Planning Board's site plan approval from the Town of Nelson Zoning Board of Appeals (hereinafter ZBA). By a resolution rendered and filed with the Town Clerk on December 18, 2018, the ZBA denied Gage's application, finding that it had no authority to interpret the Planning Board's site plan approval.
On January 23, 2019, Gage commenced a CPLR article 78 proceeding challenging the ZBA's resolution. Supreme Court (Cerio Jr., J.) dismissed that proceeding as untimely.[FN1] Thereafter, on October 19, 2022, petitioners commenced the instant combined CPLR article 78 proceeding/declaratory judgment action contesting the issuance of the site plan approval by the Planning Board.[FN2] In lieu of answering, respondent moved to dismiss the amended petition/complaint on the grounds of untimeliness, res judicata, failure to name necessary parties and laches. Supreme Court (O'Sullivan, J.) held that the proceeding was time-barred and granted the motion to dismiss on that basis. Petitioners appeal, and we affirm. 
A proceeding to challenge the approval of a site plan must be brought within 30 days after the decision is filed with the town clerk (see Town Law § 274-a [11]; see also Town Law § 267-c [1]; Matter of North Country Citizens for Responsible Growth, Inc. v Town of Potsdam Planning Bd., 39 AD3d 1098, 1103 [3d Dept 2007]), and here the combined proceeding/action was commenced over four years after the filing of the site plan approval, well outside the limitations period. With respect to petitioners' argument that this period was tolled by the continuing wrong doctrine, such claim is raised for the first time on appeal and therefore is not properly before us (see Ross v State of New York, 217 AD3d 1225, 1226 [3d Dept 2023]; Geneva Assn. of Retired Teachers v Geneva City Sch. Dist., 155 AD3d 1666, 1668 [4th Dept 2017], lv denied 31 NY3d 902 [2018]). In any event, this argument lacks merit.
As for petitioners' contention that the statute of limitations does not apply because respondent's conduct was void from its inception, we are unpersuaded[*2]. Petitioners assert that the approved site plan was issued without legislative authority because it violated portions of the Town of Nelson's Land Use and Development Law pertaining to the placement of driveways. However, the concept of a municipality acting in excess of its legislative authority, thereby forfeiting a statute of limitations defense, does not apply here. Rather, that notion applies in cases where a municipality passes a law that exceeds the authority conferred upon it by the State Legislature (see Matter of Golden v Planning Bd. of Town of Ramapo, 30 NY2d 359, 369 [1972]; Joy Bldrs., Inc. v Town of Clarkstown, 165 AD3d 1084, 1085-1087 [2d Dept 2018]; Town of Huntington v Beechwood Carmen Bldg. Corp., 82 AD3d 1203, 1207 [2d Dept 2011]; BLF Assoc., LLC v Town of Hempstead, 59 AD3d 51, 54-55 [2d Dept 2008], lv denied 12 NY3d 714 [2009]). Such circumstances have not been alleged in this case.
Based upon the foregoing, the amended petition was properly dismissed as untimely. Given our holding, petitioners' remaining contentions have been rendered academic.
Aarons, J.P., Lynch, McShan and Mackey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: Gage filed a notice of appeal but the appeal was deemed dismissed upon her failure to perfect within the requisite six months (see 22 NYCRR 1250.10 [a]).

Footnote 2: Two days later, on October 21, 2022, petitioners filed an amended petition/complaint.