■ INCORPORATED VILLAGE OF HEMPSTEAD, Appellant, v JOSEPH P. JABLONSKY, as Sheriff of Nassau County, Respondent. [725 NYS2d 76] —In an action to enjoin the defendant, Joseph P. Jablonsky, Sheriff of Nassau County, from placing the personal property of evicted tenants on the sidewalk area within the Village of Hempstead, allegedly in violation of the Village of Hempstead Code § 116-6, the plaintiff appeals from an order of the Supreme Court, Nassau County (Skelos, J.), dated January 26, 2001, which granted the defendant's motion to vacate a judgment of the same court, entered December 19, 2000, upon his default in answering the complaint, and to vacate his default in opposing a motion for a preliminary injunction.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the motion is denied, and the judgment is reinstated.

A party seeking to vacate a default must demonstrate both a reasonable excuse for the default and the existence of a meritorious claim or defense (*see, Matter of Gambardella v Ortov Light.,* 278 AD2d 494; *Parker v City of New York,* 272 AD2d 310). While CPLR 2005 allows courts to excuse a default due to law office failure, it was not the Legislature's intent to routinely

excuse such defaults, and mere neglect will not be accepted as a reasonable excuse (*see, De Vito v Marine Midland Bank,* 100 AD2d 530). Although the determination of what constitutes a reasonable excuse lies within the sound discretion of the trial court (*see, Matter of Gambardella v Ortov Light., supra; Parker v City of New York, supra; De Vito v Marine Midland Bank, supra*), the movant must submit supporting facts in evidentiary form sufficient to justify the default (*see, Bravo v New York City Hous. Auth.,* 253 AD2d 510; *Peterson v Scandurra Trucking Co.,* 226 AD2d 691; *American Sigol Corp. v Zicherman,* 166 AD2d 628). Further, where the record demonstrates a pattern of default or neglect, the default should be considered intentional and, therefore, not excusable (*see, Eretz Funding v Shalosh Assocs.,* 266 AD2d 184; *Roussodimou v Zafiriadis,* 238 AD2d 568).

In support of his motion to vacate his defaults, the defendant submitted the affirmation of the Nassau County Attorney who, without any personal knowledge of the events surrounding the defaults, asserted law office failure as the reasonable excuse for the defaults. Such conclusory assertions are insufficient to establish a reasonable excuse to vacate a default. Further, the record in this case demonstrates a pattern of neglect before and after the defendant defaulted in opposing the motion for a preliminary injunction, which cannot be excused. The defendant did not move to vacate the default judgment until seven months after he defaulted in answering the complaint and almost three months after he defaulted on the motion. Such conduct is more properly characterized as intentional default rather than innocent neglect. Accordingly, the Supreme Court improvidently exercised its discretion in accepting law office failure as a reasonable excuse in this case.

In light of our determination, we need not address the plaintiff's remaining contention. O'Brien, J. P., Friedmann, Feuerstein and Cozier, JJ., concur.