■ WESTCHESTER MEDICAL CENTER et al., Appellants, v ELRAC, INC., Doing Business as ENTERPRISE RENT-A-CAR, Respondent. [753 NYS2d 387] —In an action to recover unpaid no-fault benefits, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Franco, J.), entered January 3, 2002, as granted the defendant's motion to vacate a judgment of the same court entered May 10, 2001, upon its default in appearing or answering, which was in favor of the plaintiffs Westchester Medical Center and Mary Immaculate Hospital and against it.

Ordered that the appeal by the plaintiff New York and Pres-

byterian Hospital is dismissed, as that plaintiff is not aggrieved by the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is reversed insofar as appealed from by the plaintiffs Westchester Medical Center and Mary Immaculate Hospital, on the law, the motion is denied, and the judgment is reinstated; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs Westchester Medical Center and Mary Immaculate Hospital.

A defendant seeking to vacate a default in appearing or answering must demonstrate a justifiable excuse for the default and a meritorious defense (*see* CPLR 5015 [a] [1]; *Fidelity & Deposit Co. of Md. v Arthur Andersen & Co.,* 60 NY2d 693, 695; *Gray v B.R. Trucking Co.,* 59 NY2d 649, 650; *Cilindrello v Rayabin,* 297 AD2d 699. The unsubstantiated allegations of the defendant's counsel that a claims representative led him to believe that the action had been settled or withdrawn does not constitute a reasonable excuse for the default in answering the complaint (*see Flora Co. v Ingilis,* 233 AD2d 418; *Kyriacopoulos v Mendon Leasing Corp.,* 216 AD2d 532; *Morris v Metropolitan Transp. Auth.,* 191 AD2d 682). Furthermore, the record demonstrates a pattern of default or neglect even after the defendant's failure to appear in this action (*see Incorporated Vil. of Hempstead v Jablonsky,* 283 AD2d 553; *Eretz Funding v Shalosh Assoc.,* 266 AD2d 184). Accordingly, the motion to vacate the default should have been denied. Altman, J.P., S. Miller, McGinity, Schmidt and Rivera, JJ., concur.