■ MARGARET ORTEGA et al., Appellants, v BISOGNO & MEYERSON et al., Respondents. [831 NYS2d 259]—

In an action, inter alia, to recover damages for employment

discrimination pursuant to Executive Law § 296, the plaintiffs appeal from an order of the Supreme Court, Queens County (Satterfield, J.), dated July 26, 2005, which denied their motion to vacate a prior order of the same court dated January 7, 2005, granting the defendants' renewed motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in denying the plaintiffs' motion to vacate a prior order entered upon their default in opposing the defendants' renewed motion for summary judgment. A party seeking to vacate a default must demonstrate both a reasonable excuse for the default and the existence of a meritorious claim (*see* CPLR 5015 [a] [1]; *Yurteri v Artukmac*, 28 AD3d 545 [2006]; *Philippi v Metropolitan Transp. Auth.*, 16 AD3d 654, 655 [2005]; *Kumar v Yonkers Contr. Co., Inc.*, 14 AD3d 493, 494 [2005]). The plaintiffs' attorneys' proffered excuse failed to adequately explain the default in this case. Notwithstanding the fact that the plaintiffs' attorneys had recently been substituted in the case, the alleged error, miscalendaring the case by one day, cannot account for their inaction for six months when they had full knowledge of the pending motion. "While CPLR 2005 allows courts to excuse a default due to law office failure, it was not the Legislature's intent to routinely excuse such defaults, and mere neglect will not be accepted as a reasonable excuse" (*Incorporated Vil. of Hempstead v Jablonsky*, 283 AD2d 553 [2001]; *see De Vito v Marine Midland Bank*, 100 AD2d 530, 531 [1984]). Furthermore, the plaintiffs failed to demonstrate that their surviving claims were meritorious.

Motion by the respondents on an appeal from an order of the Supreme Court, Queens County, dated July 26, 2005, inter alia, to strike certain portions of the record on appeal on the ground that they contain material dehors the record. By decision and order on motion of this court dated August 21, 2006, the motion was held in abeyance and referred to the Justices hearing the appeal for determination upon the argument or submission of the appeal.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is,

Ordered that the motion is denied. Spolzino, J.P., Skelos, Covello and Balkin, JJ., concur.