■ FORWARD DOOR OF NEW YORK, INC., Respondent, v IRWIN FORLADER, Defendant and Third-Party Plaintiff-Appellant. CRAIG FORLADER et al., Third-Party Defendants-Respondents. [836 NYS2d 440]—

In an action to recover on a promissory note, the defendant third-party plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Spinola, J.), dated July 5, 2006, as denied his motion, in effect, to vacate an order of the same court dated February 9, 2006, which granted, without opposition, those branches of a motion by the plaintiff and the third-party defendants which were, inter alia, to vacate certain restraining notices.

Ordered that the order dated July 5, 2006 is affirmed insofar as appealed from, with costs.

To vacate his default, the appellant was required to demonstrate a reasonable excuse for not opposing the motion by the plaintiff and the third-party defendants and a meritorious defense to that motion (see CPLR 5015 [a] [1]; Piton v Cribb, 38 AD3d 741 [2007]; Yurteri v Artukmac, 28 AD3d 545, 546 [2006]; Matter of Hye-Young Chon v Country-Wide Ins. Co., 22 AD3d 849 [2005]; Fekete v Camp Skwere, 16 AD3d 544, 545 [2005]). Although a court has the discretion to accept law office failure as a reasonable excuse (see CPLR 2005), a conclusory, undetailed, and uncorroborated claim of law office failure does not amount to a reasonable excuse (see Matter of ELRAC, Inc. v Holder, 31 AD3d 636, 636-637 [2006]; McClaren v Bell Atl., 30 AD3d 569 [2006]; Matter of Denton v City of Mount Vernon, 30 AD3d 600, 601 [2006]; Solomon v Ramlall, 18 AD3d 461 [2005]). The appellant's uncorroborated and inadequately explained excuse for failing to oppose the motion did not constitute a reasonable

excuse. Moreover, the appellant failed to present a meritorious defense. Accordingly, the Supreme Court providently exercised its discretion in denying the appellant's motion. Mastro, J.P., Ritter, Skelos, Carni and McCarthy, JJ., concur.