JP Morgan Chase Bank, National Association, Respondent, v Michael Russo, Appellant, et al., Defendants. [996 NYS2d 68]——

In an action to foreclose a mortgage, the defendant Michael Russo appeals from an order of the Supreme Court, Nassau County (Woodard, J.), dated July 2, 2012, which denied his motion to vacate an order of reference of the same court dated April 14, 2010, entered upon his failure to appear or answer the complaint.

Ordered that the order is affirmed, with costs.

In 2007, the defendant Michael Russo (hereinafter the defendant) obtained a mortgage loan from Washington Mutual Bank, F.A. (hereinafter WaMu). In September 2008, after WaMu had entered receivership by the Federal Deposit Insurance Corporation (hereinafter the FDIC), the plaintiff entered into a purchase and assumption agreement with the FDIC. Pursuant to that agreement, the plaintiff acquired all of WaMu's loans and loan commitments (*see JP Morgan Chase Bank, N.A. v Shapiro*, 104 AD3d 411, 412 [2013]; *JP Morgan Chase Bank N.A. v Miodownik*, 91 AD3d 546, 547 [2012]).

In July 2009, the plaintiff commenced this action to foreclose on the defendant's mortgage. The defendant forwarded the summons and complaint to his attorney. However, in September 2010, the defendant learned that his attorney had not interposed an answer or otherwise defended the action and that, on April 14, 2010, an order of reference had been entered upon his default. Thereafter, the defendant retained another attorney who, in November 2011, moved to vacate the order of reference. The Supreme Court denied the motion on the ground that it was not timely because it was not made within one year after the defendant learned of his default, as required by CPLR 317, and, in any event, the defendant had failed to demonstrate that he had a meritorious defense. We affirm.

Pursuant to CPLR 5015 (a) (1), a court may relieve a party from a judgment upon the ground of excusable default (*see* CPLR 5015 [a] [1]). However, relief from a default is proper only where the party seeking relief "demonstrat[es] a reasonable excuse for the default and a potentially meritorious defense" (*Deutsche Bank Natl. Trust Co. v Pietranico*, 102 AD3d 724, 725 [2013]; *see Farhadi v Qureshi*, 105 AD3d 990, 991 [2013]; *Deutsche Bank Natl. Trust Co. v Gutierrez*, 102 AD3d 825, 825 [2013]). Where a delay or default results from law office failure, a court may exercise its discretion to excuse that delay or default (*see* CPLR 2005; *Remote Meter Tech. of NY, Inc. v Aris Realty Corp.*, 83 AD3d 1030, 1032 [2011]). However, mere neglect will not be accepted as a reasonable excuse under CPLR 2005 (*see Ortega v Bisogno & Meyerson*, 38 AD3d 510, 511 [2007]).

Here, although the defendant may have been able to establish a reasonable excuse for his default based upon his attorney's failure to respond to the summons and complaint (*see e.g. Uddaraju v City of New York*, 1 AD3d 140, 141 [2003]), the defendant did not move to vacate the order of reference until November 2011, which was approximately 14 months after he learned of the order of reference and approximately 19 months after it was entered. The defendant failed to articulate any basis for this 14-month delay. Accordingly, the defendant failed to establish a reasonable excuse for his default (*see e.g. Matter of Putnam County Natl. Bank v JP Morgan Chase Bank N.A.*, 57 AD3d 677, 678 [2008]; *Nahmani v Town of Ramapo*, 262 AD2d 291, 291 [1999]; *Long Is. Trust Co. v PTI Intl. Corp. of N.Y.*, 166 AD2d 504 [1990]). Since the defendant failed to establish a reasonable excuse for his default, it is unnecessary to determine whether he established a potentially meritorious defense (*see Capital Source v AKO Med., P.C.*, 110 AD3d 1026, 1026 [2013]; *Citimortgage, Inc. v Bustamante*, 107 AD3d 752, 753 [2013]).

Similarly, the defendant was not entitled to relief pursuant to CPLR 317, as he failed to show that he did not receive notice of the action in time to defend himself against it (*see Chichester v Alal-Amin Grocery & Halal Meat*, 100 AD3d 820, 821 [2012]; *Wassertheil v Elburg, LLC*, 94 AD3d 753, 754 [2012]; *Cavalry Portfolio Servs., LLC v Reisman*, 55 AD3d 524, 525 [2008]), and did not move to vacate the default within one year of learning of his default (*see generally Matter of Rockland Bakery, Inc. v B.M. Baking Co., Inc.*, 83 AD3d 1080, 1082 [2011]). Eng, P.J., Dillon, Duffy and Barros, JJ., concur.