■ Sue Onishenko, Appellant, v Ashley Ntansah et al., Respondents. [43 NYS3d 504]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Hart, J.), entered August 27, 2015, which denied her motion to vacate an order of the same court entered April 18, 2014, granting the defendants' unopposed motion, inter alia, for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On July 14, 2010, the plaintiff commenced this action to recover damages for personal injuries she allegedly sustained while participating in a personal training session at the defendant Club H Fitness. By notice of motion dated October 24, 2013, the defendants moved, inter alia, for summary judgment dismissing the complaint. The plaintiff failed to submit opposition to the motion and to appear for oral argument on November 15, 2013. In an order entered April 18, 2014, the Supreme Court granted the defendants' motion, inter alia, for summary judgment dismissing the complaint. In June 2014, the plaintiff moved to vacate the April 18, 2014, order made upon her failure to oppose the defendants' motion. After numerous adjournments, the plaintiff's motion was marked off the calendar on January 14, 2015, upon her failure to appear at oral argument. On April 1, 2015, the plaintiff re-filed her motion to vacate the default order entered April 18, 2014. The court denied the plaintiff's motion.

In seeking to vacate the order entered upon her failure to oppose the defendants' motion, the plaintiff was required to demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the defendants' motion (*see* CPLR 5015 [a] [1]; *BAC Home Loans Servicing, LP v Parone*, 126 AD3d 923, 924 [2015]; *Bank of N.Y. v Young*, 123 AD3d 1068, 1069 [2014]; *Schenk v Staten Is. Univ. Hosp.*, 108 AD3d 661, 662 [2013]). Where a delay or default results from law office failure, a court may exercise its discretion to excuse that delay or default (*see* CPLR 2005; *JP Morgan Chase Bank, N.A. v Russo*, 121 AD3d 1048, 1049 [2014]; *Remote Meter Tech. of NY, Inc. v Aris Realty Corp.*, 83 AD3d 1030, 1032 [2011]). However, "it was not the Legislature's intent to routinely excuse such defaults, and mere neglect will not be accepted as a reasonable excuse" (*Incorporated Vil. of Hempstead v Jablonsky*, 283 AD2d 553, 553-554 [2001]; *see JP Morgan Chase Bank, N.A. v Russo*, 121 AD3d at 1049; *Alberton Devs., Inc. v All Trade Enters., Inc.*, 74 AD3d 1000, 1001 [2010]; *De Vito v Marine Midland Bank*, 100 AD2d 530, 531 [1984]).

The plaintiff's attorney's proffered excuse failed to adequately

explain the default in this case. The alleged error in not filing a change of attorney form for more than 2½ years after counsel had been substituted and the failure to have the date of oral argument appear on counsel's calendar cannot account for the plaintiff's inaction for seven months when counsel was aware of the pending motion (*see Ortega v Bisogno & Meyerson*, 38 AD3d 510, 511 [2007]). Accordingly, the plaintiff failed to establish a reasonable excuse for her default. Since the plaintiff failed to establish a reasonable excuse for her default, it is unnecessary to determine whether she established a potentially meritorious opposition to the defendants' motion (*see JP Morgan Chase Bank, N.A. v Russo*, 121 AD3d at 1049; *Capital Source v AKO Med., P.C.*, 110 AD3d 1026, 1026 [2013]; *Citimortgage, Inc. v Bustamante*, 107 AD3d 752, 753 [2013]). Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.