■ OneWest Bank, FSB, Respondent, v Solomon Singer, Appellant, et al., Defendants. [59 NYS3d 480]—

In an action to foreclose a mortgage, the defendant Solomon Singer appeals from an order of the Supreme Court, Kings County (Ash, J.), dated August 12, 2015, which granted the plaintiff's motion pursuant to CPLR 5015 (a) (1) to vacate an

order of the same court (Schmidt, J.) dated January 8, 2015, directing the dismissal of the complaint upon the plaintiff's failure to appear at conferences, and to restore the action to the active calendar.

Ordered that the order dated August 12, 2015, is reversed, on the facts and in the exercise of discretion, with costs, and the plaintiff's motion is denied.

On July 12, 2006, the defendant Solomon Singer obtained a loan from nonparty Fairmont Funding, Ltd. In return, Singer executed a note, which was secured by a mortgage on real property. Thereafter, Singer allegedly defaulted by failing to make payments in accordance with the terms of the note. In January 2013, the plaintiff, OneWest Bank, FSB (hereinafter OneWest), commenced this action to foreclose the mortgage against Singer, among others. In July 2014, following several unsuccessful settlement conferences, OneWest was directed to file an appropriate motion, and a conference was scheduled for November 5, 2014. Approximately one month before the conference, on October 1, 2014, OneWest executed a consent to change attorney form. When OneWest failed to appear at the November 5, 2014, conference, the Supreme Court adjourned the matter to January 8, 2015, and directed that the complaint would be dismissed if OneWest failed to appear on that date. On January 8, 2015, the court issued an order directing the dismissal the complaint based on OneWest's failure to appear at the conferences.

On May 4, 2015, OneWest moved pursuant to CPLR 5015 (a) (1) to vacate the order entered upon its default in appearing at the conferences and to restore the action to the active calendar. In support of its motion, OneWest alleged that it was unaware of the scheduled conferences "due to law office confusion" following the substitution of counsel. The Supreme Court granted the motion. Singer appeals.

A plaintiff seeking to vacate a default in appearing at a conference is required to demonstrate both a reasonable excuse for its default and a potentially meritorious cause of action (see CPLR 5015 [a] [1]; *Bayview Loan Servicing, LLC v Martano*, 131 AD3d 1187, 1189 [2015]; *GMAC Mtge., LLC v Guccione*, 127 AD3d 1136, 1138 [2015]; *Hagen-Meurer v Balakhane*, 127 AD3d 1020, 1020 [2015]; *Lopez v Imperial Delivery Serv.*, 282 AD2d 190, 197 [2001]). Although "[a] motion to vacate a default is addressed to the sound discretion of the motion court" (*Aurora Loan Servs., LLC v Ahmed*, 122 AD3d 557, 557-558 [2014]; *see U.S. Bank, N.A. v Dorvelus*, 140 AD3d 850, 852 [2016]; *Forward Door of N.Y., Inc. v Forlader*, 41 AD3d 535 [2007]),

the defaulting party must submit evidence in admissible form establishing both a reasonable excuse and a potentially meritorious cause of action or defense (*see HSBC Bank USA N.A. v Nuteh 72 Realty Corp.*, 70 AD3d 998, 999 [2010]; *Incorporated Vil. of Hempstead v Jablonsky*, 283 AD2d 553, 554 [2001]).

A court has the discretion to accept law office failure as a reasonable excuse for a party's default (*see* CPLR 2005; *Onishenko v Ntansah*, 145 AD3d 910, 911 [2016]; *JP Morgan Chase Bank, N.A. v Russo*, 121 AD3d 1048, 1049 [2014]; *Forward Door of N.Y., Inc. v Forlader*, 41 AD3d at 535; *Incorporated Vil. of Hempstead v Jablonsky*, 283 AD2d at 553). However, "it was not the Legislature's intent to routinely excuse such defaults" (*Incorporated Vil. of Hempstead v Jablonsky*, 283 AD2d at 554; *see Onishenko v Ntansah*, 145 AD3d at 911; *Ortega v Bisogno & Meyerson*, 38 AD3d 510, 511 [2007]), and mere neglect is not a reasonable excuse (*see Onishenko v Ntansah*, 145 AD3d at 911; *GMAC Mtge., LLC v Guccione*, 127 AD3d at 1138; *JP Morgan Chase Bank, N.A. v Russo*, 121 AD3d at 1049; *Ortega v Bisogno & Meyerson*, 38 AD3d at 511; *Incorporated Vil. of Hempstead v Jablonsky*, 283 AD2d at 554).

Contrary to OneWest's contention, it failed to provide a detailed and credible explanation of the default (*see GMAC Mtge., LLC v Guccione*, 127 AD3d at 1138; *Aurora Loan Servs., LLC v Ahmed*, 122 AD3d at 558; *People's United Bank v Latini Tuxedo Mgt., LLC*, 95 AD3d 1285, 1286 [2012]; *Kohn v Kohn*, 86 AD3d 630, 630 [2011]; *Remote Meter Tech. of NY, Inc. v Aris Realty Corp.*, 83 AD3d 1030, 1032 [2011]). Rather, counsel's affirmation in support of the motion contained only the conclusory and undetailed allegation of "law office confusion" after being substituted as counsel for OneWest, which does not constitute a reasonable excuse (*see U.S. Bank, N.A. v Dorvelus*, 140 AD3d at 852; *Aurora Loan Servs., LLC v Lucero*, 131 AD3d 496, 497 [2015]; *Forward Door of N.Y., Inc. v Forlader*, 41 AD3d at 535; *Piton v Cribb*, 38 AD3d 741, 742 [2007]; *Incorporated Vil. of Hempstead v Jablonsky*, 283 AD2d at 553). No other evidence was submitted to corroborate the allegation. OneWest, therefore, failed to demonstrate a reasonable excuse for its default (*see Onishenko v Ntansah*, 145 AD3d at 912; *U.S. Bank, N.A. v Dorvelus*, 140 AD3d at 852; *Aurora Loan Servs., LLC v Lucero*, 131 AD3d at 497; *GMAC Mtge., LLC v Guccione*, 127 AD3d at 1138). Accordingly, the Supreme Court improvidently exercised its discretion in granting OneWest's motion to vacate its default (*see GMAC v Minewiser*, 115 AD3d 707, 708 [2014]; *Ayiku v Viteritti*, 54 AD3d 789 [2008]; *Westchester Med. Ctr. v ELRAC*,

*Inc.*, 301 AD2d 518, 519 [2003]; *Incorporated Vil. of Hempstead v Jablonsky*, 283 AD2d at 553; *see also Bender v Autism Speaks, Inc.*, 139 AD3d 989, 991 [2016]).

In light of our determination, we need not address the parties' remaining contentions. Mastro, J.P., Dillon, Cohen and Brathwaite Nelson, JJ., concur.