Lee v Latendorf (2018 NY Slip Op 04709)





Lee v Latendorf


2018 NY Slip Op 04709


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2017-00160
 (Index No. 9147/13)

[*1]Sungeun Lee, et al., appellants, 
v
Erick P. Latendorf, et al., respondents.


Sim & Record, LLP, Bayside, NY (Sang J. Sim of counsel), for appellants.
Molod Spitz & DeSantis, P.C., New York, NY (Marcy Sonneborn of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Orange County (Catherine M. Bartlett, J.), dated September 28, 2016. The order denied the plaintiffs' motion pursuant to CPLR 5015(a)(1) to vacate their default in appearing at a conference on May 19, 2015, and, thereupon, to restore the action to the active calendar.
ORDERED that the order is affirmed, with costs.
In November 2013, the plaintiffs commenced this action against the defendants to recover damages for personal injuries allegedly sustained in a motor vehicle accident on November 2, 2011. Issue was joined in January 2014. A preliminary conference was held on October 14, 2014, which resulted in a so-ordered stipulation directing, inter alia, the dates of party depositions. Thereafter, the plaintiffs' then-attorney failed to appear for a compliance conference scheduled for
February 18, 2015. The Supreme Court adjourned the conference to February 26, 2015, with a warning that the complaint would be dismissed if the plaintiffs' attorney failed to appear again. On February 26, 2015, the plaintiffs' attorney arrived late for the conference, and on May 19, 2015, he failed to appear for another compliance conference. By written facsimile communication dated May 19, 2015, the court notified the parties' attorneys that the complaint was dismissed for lack of prosecution. In July 2016, the plaintiffs, represented by new counsel, moved pursuant to CPLR 5015(a)(1) to vacate the default and, thereupon, to restore the action to the active calendar. The court denied the motion, and the plaintiffs appeal.
In order to vacate a default in appearing at a scheduled court conference, a plaintiff must demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action (see CPLR 5015[a][1]; Stein v Doukas, 157 AD3d 743, 744; One West Bank, FSB v Singer, 153 AD3d 714, 715; Gallery v Messerschmitt, 151 AD3d 940; Wright v City of Poughkeepsie, 136 AD3d 809). "A determination of whether an excuse is reasonable lies within the sound discretion of the Supreme Court" (Stein v Doukas, 157 AD3d 743, 744). Although a court has discretion to accept law office failure as a reasonable excuse (see CPLR 2005), "a pattern of willful default and neglect should not be excused" (Prudence v White, 144 AD3d 655, 656; see Whitestone Constr. Corp. v Nova Cas. Co., 129 AD3d 831, 832). A claim of law office failure must be supported by a detailed and credible explanation of the default at issue, as mere neglect is not a reasonable excuse (see Ki Tae Kim v Bishop, 156 AD3d 776; One West Bank, FSB v Singer, 153 AD3d at 716; Onishenko v Ntansah, 145 AD3d 910).
Here, the Supreme Court providently exercised its discretion in determining that the plaintiffs did not offer a reasonable excuse for their default. The excuse proffered by the plaintiffs' former attorney, that he failed to appear at the May 19, 2015, conference due to a malfunctioning GPS system and that he "got lost," was unreasonable under the circumstances, as it was not a detailed and credible explanation for the claimed law office failure. Moreover, the plaintiffs failed to set forth any excuse, let alone a reasonable one, for their former attorney's failure to appear at the compliance conference scheduled for February 18, 2015, or why he arrived late for the adjourned conference on February 26, 2015.
Since the plaintiffs failed to offer a reasonable excuse for their default, the issue of whether they had a potentially meritorious cause of action need not be addressed (see Stein v Doukas, 157 AD3d 743; Ki Tae Kim v Bishop, 156 AD3d 776).
The plaintiffs' remaining contentions are either improperly raised for the first time on appeal or without merit.
Accordingly, we agree with the Supreme Court's denial of the plaintiffs' motion.
DILLON, J.P., CHAMBERS, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court