Wells Fargo Bank, N.A. v McClintock (2019 NY Slip Op 06015)





Wells Fargo Bank, N.A. v McClintock


2019 NY Slip Op 06015


Decided on July 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
COLLEEN D. DUFFY, JJ.


2017-03666 
2017-03667
 (Index No. 26466/09)

[*1]Wells Fargo Bank, N.A., etc., respondent,
v
Patricia McClintock, appellant, et al., defendants.


Anthony J. LoPresti, Garden City, NY (Gail M. Blasie of counsel), for appellant.
Duane Morris LLP, New York, NY (Brett L. Messinger of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Patricia McClintock appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered February 8, 2017, and (2) an order and judgment of foreclosure and sale (one paper) of the same court entered March 3, 2017. The order granted the plaintiff's motion pursuant to CPLR 5015(a) to vacate an order of the same court (Kathryn D. Hopkins, Ct. Atty. Ref.) entered December 5, 2012, which, upon the plaintiff's failure to appear at a conference, sua sponte, directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c), to restore the action to the active calendar, and for a judgment of foreclosure and sale. The order and judgment of foreclosure and sale also granted the plaintiff's motion, vacated the order entered December 5, 2012, restored the action to the active calendar, confirmed a referee's report, and directed the sale of the subject property.
ORDERED that the appeal from the order entered February 8, 2017, is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the facts and in the exercise of discretion, the plaintiff's motion pursuant to CPLR 5015(a) to vacate the order entered December 5, 2012, to restore the action to the active calendar, and for a judgment of foreclosure and sale is denied, the complaint is dismissed, and the order entered February 8, 2017, is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant Patricia McClintock.
The appeal from the order entered February 8, 2017, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
In December 2009, the plaintiff commenced this action against the defendant Patricia McClintock (hereinafter the defendant), among others, to foreclose a mortgage encumbering property located in Baldwin. The defendant was served with the summons and complaint but failed to [*2]interpose an answer, and the plaintiff obtained an order of reference dated July 19, 2010. Thereafter, the plaintiff moved for a judgment of foreclosure and sale. In connection with that motion, in an order entered January 10, 2011 (hereinafter the January 2011 order), the Supreme Court directed the plaintiff to furnish the attorney affirmation mandated by the then-new administrative order promulgated by the Chief Administrative Judge of the Courts within 90 days. The court noted that, in the event the plaintiff failed to file said affirmation within 90 days, "the application may be deemed abandoned." The plaintiff did not file the requested affirmation until more than 150 days from the issuance of the January 2011 Order.
Thereafter, the plaintiff failed to appear for a status conference on October 25, 2012 (hereinafter the October 2012 conference), and, in an order entered December 5, 2012, the Supreme Court directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c) (hereinafter the December 2012 order).
Nearly four years later, in October 2016, the plaintiff moved pursuant to CPLR 5015(a) to vacate the December 2012 order, to restore the action to the active calendar, and for a judgment of foreclosure and sale. The defendant opposed the motion. In an order entered February 8, 2017, the Supreme Court granted the plaintiff's motion. On March 3, 2017, the court entered an order and judgment of foreclosure and sale granting the plaintiff's motion, vacating the December 2012 order, restoring the action to the active calendar, confirming a referee's report, and directing the sale of the subject property. The defendant appeals.
Although CPLR 3215(c) was not an appropriate ground upon which to dismiss the complaint because the plaintiff initiated proceedings for the entry of a judgment by moving for an order of reference within one year of the defendant's default (see Bank of Am., N.A. v Lucido, 163 AD3d 614, 615; HSBC Bank USA, N.A. v Roldan, 155 AD3d 942, 944), dismissal of the complaint was appropriate pursuant to 22 NYCRR 202.27(c) since the plaintiff failed to appear for the scheduled October 2012 conference.
We disagree with the Supreme Court's determination granting the plaintiff's motion, inter alia, to vacate the December 2012 order. A plaintiff seeking to vacate a default in appearing at a conference is required to demonstrate both a reasonable excuse for its default and a potentially meritorious cause of action (see CPLR 5015[a][1]; GMAC Mtge., LLC v Guccione, 127 AD3d 1136, 1138; Hagen-Meurer v Balakhane, 127 AD3d 1020, 1020). Although "[t]he determination of whether an excuse is reasonable is committed to the sound discretion of the motion court" (U.S. Bank, N.A. v Dorvelus, 140 AD3d 850, 852; see Forward Door of N.Y., Inc. v Forlader, 41 AD3d 535, 535), the defaulting party must submit evidence in admissible form establishing both a reasonable excuse and a potentially meritorious cause of action or defense (see OneWest Bank, FSB v Singer, 153 AD3d 714, 715-716; Incorporated Vil. of Hempstead v Jablonsky, 283 AD2d 553, 554).
Here, the plaintiff alleged only that the failure of its two prior attorneys to timely file the attorney affirmation in accordance with the January 2011 order caused the delay in prosecuting this action, and failed to proffer any evidentiary support therefor or any excuse for its failure to appear at the October 2012 conference. Moreover, the record reflects that the plaintiff did not take any action for almost four years to cure its default after the action was marked off the calendar. Since the plaintiff failed to demonstrate a reasonable excuse for its default (see OneWest Bank, FSB v Singer, 153 AD3d at 714-716; see also Incorporated Vil. of Hempstead v Jablonsky, 283 AD2d at 554), we need not reach the issue of whether it had asserted a potentially meritorious cause of action (see U.S. Bank, N.A. v Dorvelus, 140 AD3d at 852).
The plaintiff's remaining contention is without merit.
SCHEINKMAN, P.J., CHAMBERS, AUSTIN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court