Bank of N.Y. Mellon Trust Co., N.A. v Talukder (2019 NY Slip Op 07232)





Bank of N.Y. Mellon Trust Co., N.A. v Talukder


2019 NY Slip Op 07232


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-09216
 (Index No. 708036/14)

[*1]Bank of New York Mellon Trust Company, N.A., etc., respondent, 
v
Abul Talukder, appellant, et al., defendants.


Mischel & Horn, P.C., New York, NY (Scott T. Horn of counsel), for appellant.
Frenkel, Lambert, Weiss, Weisman & Gordon, LLP, Bay Shore, NY (Keith L. Abramson of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Abul Talukder appeals from an order of the Supreme Court, Queens County (David Elliot, J.), entered August 3, 2017. The order, insofar as appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 2221(e) for leave to renew those branches of his prior motion which were pursuant to CPLR 3211(a)(1) and (8) to dismiss the complaint insofar as asserted against him and, in effect, for leave to renew that branch of his prior motion which was pursuant to CPLR 5015(a)(1) to vacate an order dated April 6, 2016, entered upon his default, which branches of the prior motion were denied in an order of the same court entered November 25, 2016.
ORDERED that the order entered August 3, 2017, is affirmed insofar as appealed from, with costs.
In July 2008, the defendant Abul Talukder (hereinafter the defendant) executed a note in favor of AmTrust Bank (hereinafter Am Trust), promising to repay a loan of $530,000. To secure the loan, he also executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc., as nominee of AmTrust. In March 2009, the defendant allegedly defaulted on the loan.
In October 2014, the plaintiff commenced this action to foreclose the subject mortgage against, among others, the defendant. The defendant neither answered nor appeared in this action. Thereafter, the plaintiff moved for leave to enter a default judgment against all the defendants and for an order of reference. In an order dated April 6, 2016, the Supreme Court granted the motion without opposition. In July 2016, the plaintiff moved for a judgment of foreclosure and sale. The court granted the motion without opposition. In October 2016, the defendant moved, inter alia, pursuant to CPLR 3211(a)(1) and (8) to dismiss the complaint insofar as asserted against him and pursuant to CPLR 5015(a)(1) to vacate the order dated April 6, 2016, entered upon his default. In an order entered November 25, 2016, the court denied the defendant's motion. A judgment of foreclosure and sale was entered on March 6, 2017.
In April 2017, the defendant moved by order to show cause, inter alia, pursuant to CPLR 2221(e) for leave to renew those branches of his prior motion which were pursuant to CPLR [*2]3211(a)(1) and (8) to dismiss the complaint insofar as asserted against him and, in effect, for leave to renew that branch of his prior motion which was pursuant to CPLR 5015(a)(1) to vacate the order dated April 6, 2016, entered upon his default. As relevant here, the Supreme Court denied those branches of the motion, determining that the defendant had failed to demonstrate a reasonable justification for his failure to present, on the prior motion, the purported new facts submitted in support of the motion for leave to renew. The defendant appeals.
" A motion for leave to renew shall be based upon new facts not offered on the prior motion that would change the prior determination and shall contain reasonable justification for the failure to present such facts on the prior motion'" (Robinson v Viani, 140 AD3d 845, 848, quoting Lindbergh v SHLO 54, LLC, 128 AD3d 642, 644-645; see CPLR 2221[e][2], [3]). "While a court has discretion to entertain renewal based on facts known to the movant at the time of the original motion, the movant must set forth a reasonable justification for the failure to submit the information in the first instance" (Professional Offshore Opportunity Fund, Ltd. v Braider, 121 AD3d 766, 769; see Deutsche Bank Trust Co. v Ghaness, 100 AD3d 585, 585-586). "When no reasonable justification is given for failing to present new facts on the prior motion, the Supreme Court lacks discretion to grant renewal" (Zelouf Intl. Corp. v Rivercity, LLC, 123 AD3d 1116, 1116; see Cioffi v S.M. Foods, Inc., 129 AD3d 888, 891; Sobin v Tylutki, 59 AD3d 701, 702).
"Law office failure can be accepted as a reasonable excuse in the exercise of the court's sound discretion" (Nwauwa v Mamos, 53 AD3d 646, 649; see CPLR 2005; Castor v Cuevas, 137 AD3d 734, 734; Gordon v Boyd, 96 AD3d 719, 720). " Although a court has the discretion to accept law office failure as a reasonable excuse, a conclusory, undetailed and uncorroborated claim of law office failure does not amount to a reasonable excuse'" (Eastern Sav. Bank, FSB v Charles, 103 AD3d 683, 684, quoting White v Daimler Chrysler Corp., 44 AD3d 651, 651 [citation omitted]; see People's United Bank v Latini Tuxedo Mgt., LLC, 95 AD3d 1285, 1286; Piton v Cribb, 38 AD3d 741, 742). Furthermore, "[m]ere neglect will not be accepted as a reasonable excuse under CPLR 2005" (JP Morgan Chase Bank, N.A. v Russo, 121 AD3d 1048, 1049; see Ortega v Bisogno & Meyerson, 38 AD3d 510, 511; Incorporated Vil. of Hempstead v Jablonsky, 283 AD2d 553, 553-554).
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in rejecting his proffered excuse of law office failure. The allegedly new evidence submitted by the defendant in support of his motion for leave to renew consisted of, among other things, his properly signed and notarized affidavit, and the affidavits of three family members. The only excuse provided by the defendant for not submitting this evidence on the prior motion was that his former attorney failed to advise him of "all the documentation needed to dispute service of process" and the need to demonstrate a potentially meritorious defense. We agree with the court that reliance on incorrect or incomplete advice of prior counsel constituted a misguided strategy, not law office failure (see Hudson City Sav. Bank v Bomba, 149 AD3d 704; Bank of N.Y. Mellon v Colucci, 138 AD3d 1047). Accordingly, we agree with the court's determination denying those branches of the defendant's motion which were pursuant to CPLR 2221(e) for leave to renew those branches of his prior motion which were pursuant to CPLR 3211(a)(1) and (8) to dismiss the complaint insofar as asserted against him and, in effect, for leave to renew that branch of the prior motion which was pursuant to CPLR 5015(a)(1) to vacate the order dated April 6, 2016, entered upon his default, as he did not offer any reasonable justification for his failure to submit the evidence as part of his prior motion (see CPLR 2221[e]; Wells Fargo Bank, N.A. v Lowinger, 169 AD3d 1098, 1099-1100).
In light of our determination, we need not reach the defendant's remaining contentions.
DILLON, J.P., CHAMBERS, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court