Countrywide Home Loans, Inc. v Vittorio (2019 NY Slip Op 09253)





Countrywide Home Loans, Inc. v Vittorio


2019 NY Slip Op 09253


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
SHERI S. ROMAN
COLLEEN D. DUFFY, JJ.


2017-04386
 (Index No. 11399/08)

[*1]Countrywide Home Loans, Inc., respondent,
v
Nicholas Vittorio, appellant, et al., defendants.


Charles R. Cuneo, P.C., Huntington, NY, for appellant.
Leopold & Associates, PLLC, Armonk, NY (Erin E. Wietecha and Matt Lizotte of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Nicholas Vittorio appeals from a judgment of the Supreme Court, Nassau County (Thomas A. Adams, J.), dated March 4, 2019. The judgment, upon an order of the same court dated March 1, 2017, granting the plaintiff's motion pursuant to CPLR 5015(a)(1) to vacate an order of the same court dated December 1, 2015, granting that defendant's unopposed motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him, and to restore the action to the calendar, directed the sale of the subject property.
ORDERED that the judgment is reversed, on the law, with costs, the plaintiff's motion pursuant to CPLR 5015(a)(1) to vacate the order dated December 1, 2015, and to restore the action to the calendar is denied, and the order dated March 1, 2017, is modified accordingly.
On June 20, 2008, the plaintiff, Countrywide Home Loans, Inc., commenced this action, inter alia, to foreclose on a mortgage given by the defendant Nicholas Vittorio (hereinafter the defendant). The defendant was served on June 26, 2008, and failed to appear or answer the complaint. However, the plaintiff failed to take any proceedings for the entry of a default judgment within one year after the defendant's default as required by CPLR 3215(a). Approximately seven years after the defendant's default, in June 2015, the defendant moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him. The plaintiff did not oppose the defendant's motion. By order dated December 1, 2015, the Supreme Court granted the defendant's unopposed motion (hereinafter the December 2015 order).
Thereafter, almost one year after the December 2015 order was entered and approximately seven years after expiration of its time to take proceedings for the entry of a default judgment pursuant to CPLR 3215(c), the plaintiff moved pursuant to CPLR 5015(a)(1) to vacate the December 2015 order and to restore the action to the calendar. In an order dated March 1, 2017, the Supreme Court granted the plaintiff's motion, and the defendant appealed. The court subsequently entered a judgment dated March 4, 2019, directing the sale of the subject property. The defendant then moved, inter alia, to deem the notice of appeal from the order dated March 1, 2017, to be a premature notice of appeal from the judgment dated March 4, 2019. By decision and order on motion dated September 24, 2019, this Court granted that branch of the defendant's motion to the extent of deeming the notice of appeal from the order dated March 1, 2017, to be a premature notice [*2]of appeal from the judgment to the extent that the judgment brings up for review the order dated March 1, 2017.
Since the plaintiff failed to take any proceeding for the entry of a default judgment on or before July 26, 2009, one year from the defendant's default (see CPLR 320[a]; 3012[a]), and thereafter did not oppose the defendant's motion pursuant to CPLR 3125(c) to dismiss the complaint insofar as asserted against him on the ground that the plaintiff had abandoned the action, we agree with the Supreme Court's determination in its December 2015 order granting the defendant's motion pursuant to CPLR 3215(c) (see BAC Home Loans Servicing, LP v Broskie, 166 AD3d 842, 843).
We disagree with the Supreme Court's determination to grant the plaintiff's motion to vacate its December 2015 order and restore the action to the calendar. Although a motion to vacate a default is addressed to the sound discretion of the motion court, the plaintiff, as the party seeking to vacate its default in opposing the defendant's motion to dismiss, was required to submit evidence in admissible form demonstrating both a reasonable excuse for its default and a potentially meritorious cause of action (see One West Bank, FSB v Singer, 153 AD3d 714, 715-716; Incorporated Vil. of Hempstead v Jablonsky, 283 AD2d 553, 554). Contrary to the plaintiff's contention, it failed to provide a detailed and credible explanation excusing its default (see One West Bank, FSB v Singer, 153 AD3d at 716; GMAC Mtge., LLC v Guccione, 127 AD3d 1136, 1138). Instead, counsel's affirmation in support of the plaintiff's motion to vacate its default argued that the default was due to law office failure, alleging, upon information and belief, that an attorney at another law firm representing the plaintiff left that other law firm without advising that firm's management that she had not drafted the opposition to the defendant's motion to dismiss. Counsel had no personal knowledge of this purported excuse, and submitted no evidence to corroborate his conjecture. Since this purported excuse lacks evidentiary value (see U.S. Bank, N.A. v Dorvelus, 140 AD3d 850, 852; Incorporated Vil. of Hempstead v Jablonsky, 283 AD2d at 554), the plaintiff failed to show a reasonable excuse for its default (see One West Bank, FSB v Singer, 153 AD3d at 716). The plaintiff's assertions that unspecified periods of time during the more than seven years that it failed to take any proceedings to enter a judgment after the defendant defaulted are attributable to its attempt to comply with certain administrative orders likewise does not constitute a reasonable excuse (see BAC Home Loans Servicing, LP v Broskie, 166 AD3d at 843; Wells Fargo Bank N.A. v Cafasso, 158 AD3d 848, 849-850). The subject administrative orders were adopted two years after the expiration of the time period within which the plaintiff was required to take proceedings for the entry of a default judgment (see JBBNY, LLC v Begum, 156 AD3d 769, 772; Monzon v Sony Motor, 115 AD2d 714, 715). The plaintiff's contention that letters sent on its behalf to the defendant between 2012 and 2015, to which the defendant avers he never responded, constituted settlement discussions and a reasonable excuse for its delay also lacks merit (see JBBNY, LLC v Begum, 156 AD3d at 772; Monzon v Sony Motor, 115 AD2d at 715). Those letters were sent more than three years after the plaintiff's time within which to move for a default judgment had expired (see JBBNY, LLC v Begum, 156 AD3d at 772; Monzon v Sony Motor, 115 AD2d at 715).
Since the plaintiff failed to proffer a reasonable excuse for its default in opposing the defendant's motion to dismiss the complaint as abandoned, this Court need not consider whether it had a potentially meritorious cause of action (see BAC Home Loans Servicing, LP v Broskie, 166 AD3d at 843; U.S. Bank, N.A. v Dorvelus, 140 AD3d at 852).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court should have denied the plaintiff's motion to vacate the December 2015 order and to restore the action to the calendar.
RIVERA, J.P., DILLON, ROMAN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court