Super Acupuncture and Herbology, P.C., as Assignee of Hernando Llorente, Respondent,
against
Global Liberty Insurance Company of New York, Appellant. 




Law Office of Jason Tenenbaum, P.C. (Jason Tenenbaum and Talia Beard of counsel), for appellant.
Petre and Associates, P.C. (Damin Toell of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Mary V. Rosado, J.), entered December 14, 2017. The order denied defendant's motion to vacate an order of that court dated January 20, 2017 granting plaintiff's motion for summary judgment upon defendant's failure to timely serve its opposing papers and cross motion as provided for in a stipulation of settlement.




ORDERED that the order entered December 14, 2017 is affirmed, with $25 costs.
Plaintiff commenced this action to recover assigned first-party no-fault benefits and subsequently moved for summary judgment. In a stipulation dated April 4, 2016, the parties agreed, among other things, that plaintiff's summary judgment motion would be adjourned to January 17, 2017, and that "Opposition to the within motion and all cross-motions must be served on or before August 17, 2016. Any cross-motions served beyond this date will be deemed untimely." On December 16, 2016, defendant served plaintiff with its cross motion, which included its opposition to plaintiff's motion. Plaintiff opposed the cross motion. By order dated January 20, 2017, the Civil Court granted plaintiff's motion upon defendant's default in timely serving its cross motion "as per the stipulation." Thereafter, defendant moved to, among other things, vacate the January 20, 2017 default order. Plaintiff opposed the motion. By order entered December 14, 2017, the Civil Court denied defendant's motion, finding that the "motion [is] incomplete" since "defendant['s] papers are missing the adjournment stipulation which set up the briefing schedule for the original motion."
In support of defendant's appellate contention that its motion to vacate should have been granted, defendant argues that, pursuant to the April 4, 2016 stipulation, its opposition papers and cross motion had to be served on or before "October 16, 2016" [sic], and it is of no consequence [*2]that a copy of the stipulation was not annexed to its papers submitted in support of its motion to vacate the January 20, 2017 order, since the contents of the stipulation are uncontroverted. However, CPLR 2214 (c) clearly provides that "The moving party shall furnish all other papers not already in the possession of the court necessary to the consideration of the questions involved." As the stipulation was most certainly "necessary to the consideration of the questions involved," the Civil Court properly denied defendant's motion to vacate (see CPLR 2214 [c]; Cripps v Dibisceglie, 172 AD3d 1305, 1306 [2019]; Wells Fargo Home Mtge., Inc. v Mercer, 35 AD3d 728 [2006]; Rudzinski v Jonathan L. Glashow, MD, PC, 55 Misc 3d 1215[A], 2017 NY Slip Op 50583[U], *3 [Sup Ct, Kings County 2017]). In any event, defendant failed to establish a reasonable excuse for its default based on law office failure (see CPLR 2005), as it did not "submit supporting facts in evidentiary form sufficient to justify the default" (Incorporated Vil. of Hempstead v Jablonsky, 283 AD2d 553, 554 [2001]).
In view of the foregoing, we pass on no other issue. 
Accordingly, the order entered December 14, 2017 is affirmed.
WESTON, J.P., ELLIOT and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 31, 2020