JPMorgan Chase Bank, N.A. v Gottlieb (2020 NY Slip Op 07043)





JPMorgan Chase Bank, N.A. v Gottlieb


2020 NY Slip Op 07043


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.


2017-08823
2017-08824
 (Index No. 1686/11)

[*1]JPMorgan Chase Bank, National Association, respondent, 
v
Sigal Gottlieb, etc., appellant, et al., defendants. Joseph A. Altman, P.C., Bronx, NY, for appellant.


Parker Ibrahim & Berg LLC, New York, NY (Scott W. Parker of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Sigal Gottlieb appeals from two orders of the Supreme Court, Queens County (Chereé A. Buggs, J.), both dated June 28, 2017. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Sigal Gottlieb, to strike that defendant's answer, affirmative defenses, and counterclaims, and for an order of reference, and denied the cross motion of the defendant Sigal Gottlieb for summary judgment dismissing the complaint insofar as asserted against her or, in the alternative, to direct the plaintiff to comply with discovery demands. The second order, insofar as appealed from, granted the same relief to the plaintiff and appointed a referee to ascertain and compute the amount due to the plaintiff.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
On September 29, 2003, the defendant Sigal Gottlieb (hereinafter the defendant) executed a note in the sum of $431,250 in favor of First United Mortgage Banking Corp. (hereinafter First United). The note was secured by a mortgage on residential property in Queens. By assignment of mortgage that same day, First United assigned the mortgage to Washington Mutual Bank, FA (hereinafter WaMu). On February 15, 2006, the defendant executed a second note in the sum of $494,279.09 in favor of WaMu, which was secured by a second mortgage on the same premises. Also on February 15, 2006, the defendant executed a consolidation, extension, and modification agreement, pursuant to which the first and second notes and mortgages were consolidated into a single lien in the sum of $875,000. The defendant also executed a consolidated note and a consolidated mortgage, both dated February 15, 2006.
In September 2008, after WaMu had entered receivership with the Federal Deposit Insurance Corporation (hereinafter the FDIC), the plaintiff entered into a purchase and assumption agreement with the FDIC, pursuant to which the plaintiff acquired all of WaMu's loans and loan commitments. On January 24, 2011, the plaintiff commenced this action against the defendant, [*2]among others, to foreclose the consolidated mortgage. The defendant interposed an answer in which she asserted various affirmative defenses.
In December 2016, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, affirmative defenses, and counterclaims, and for an order of reference. The defendant opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against her or, in the alternative, to direct the plaintiff to comply with the defendant's discovery demands. In the orders appealed from, the Supreme Court granted the plaintiff's motion, denied the defendant's cross motion, and appointed a referee. The defendant appeals, and we affirm.
Contrary to the defendant's contention, the plaintiff met its burden of establishing, prima facie, that it had standing to commence this mortgage foreclosure action. The plaintiff submitted evidence establishing that, in 2008, after WaMu had entered receivership with the FDIC, the plaintiff and the FDIC entered into a purchase and assumption agreement, pursuant to which the plaintiff acquired all of the rights in WaMu's loans and loan commitments (see Wilmington Sav. Fund Socy., FSB v Finn, 170 AD3d 1246, 1248; JP Morgan Chase Bank, N.A. v Atedgi, 162 AD3d 756, 757-758; JP Morgan Chase Bank, N.A. v Schott, 130 AD3d 875, 875-876; JP Morgan Chase Bank, N.A. v Russo, 121 AD3d 1048). Since the plaintiff acquired the subject loan prior to the commencement of this action on January 24, 2011, it established, prima facie, its standing to commence and maintain this action (see Wilmington Sav. Fund Socy., FSB v Finn, 170 AD3d at 1248; JP Morgan Chase Bank, N.A. v Atedgi, 162 AD3d at 758). In opposition, the defendant failed to raise a triable issue of fact.
The plaintiff established, prima facie, that it served all required notices, and the defendant failed to raise a triable issue of fact with respect thereto.
The defendant's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determinations granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, striking the defendant's answer, affirmative defenses, and counterclaims, and for an order of reference, and denying the defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against her or, in the alternative, to direct the plaintiff to comply with discovery demands.
MASTRO, J.P., MILLER, MALTESE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court