Mt. Olympos Restoration, Inc. v Duro Windows, Inc. (2025 NY Slip Op 00440)

Mt. Olympos Restoration, Inc. v Duro Windows, Inc.

2025 NY Slip Op 00440

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LILLIAN WAN
CARL J. LANDICINO, JJ.

2022-08905
 (Index No. 608399/20)

[*1]Mt. Olympos Restoration, Inc., respondent,
v
Duro Windows, Inc., etc., et al., appellants.

Sacco & Fillas, LLP, Astoria, NY (Morris J. Schlaf of counsel), for appellants.
Amoroso & Associates, P.C., New York, NY (Dianne E. Malone and Dino G. Amoroso of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Nassau County (Christopher G. Quinn, J.), dated September 16, 2022. The order, insofar as appealed from, denied that branch of the defendants' motion which was to vacate so much of an amended order of the same court entered December 13, 2021, as granted that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendants.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In August 2020, the plaintiff commenced this action against the defendants, inter alia, to recover damages for breach of contract. The defendants failed to appear or answer the complaint. The plaintiff moved, among other things, for leave to enter a default judgment against the defendants, and the defendants opposed the motion. In an amended order entered December 13, 2021, the Supreme Court, inter alia, granted that branch of the plaintiff's motion. Thereafter, the defendants moved, among other things, to vacate so much of the amended order entered December 13, 2021, as granted that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendants. In an order dated September 16, 2022, the court, inter alia, denied that branch of the defendants' motion. The defendants appeal.
"A defendant seeking to vacate a default pursuant to CPLR 5015(a)(1) must demonstrate a reasonable excuse for the default and a potentially meritorious defense" (Barnett v Diamond Fin. Co., Inc., 202 AD3d 651, 652; see JPMorgan Chase Bank, N.A. v Horsfield, 227 AD3d 790, 794). Here, the bare and unsupported assertions by defense counsel that the parties were engaged in active settlement negotiations when the plaintiff moved for leave to enter a default judgment were insufficient to demonstrate a reasonable excuse for the defendants' default (see Matter of Hines v Baptiste, 178 AD3d 825, 826; OneWest Bank, FSB v Singer, 153 AD3d 714, 716). Since the defendants failed to demonstrate a reasonable excuse for their default, it is unnecessary to determine whether they demonstrated a potentially meritorious defense to the action (see Atalaya Asset Income Fund II, L.P. v 219 Sagg Main, LLC, 206 AD3d 870, 871). Therefore, the Supreme Court providently exercised its discretion in denying that branch of the defendants' motion which was to vacate so much of the amended order entered December 13, 2021, as granted that branch of [*2]the plaintiff's motion which was for leave to enter a default judgment against the defendants pursuant to CPLR 5015(a)(1).
The defendants' remaining contention is improperly raised for the first time on appeal.
BARROS, J.P., FORD, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court